UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 19-23131-Civ-COOKE/GOODMAN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

 Plaintiff,
&

LOUISE DAVIDSON-SCHMICH,

 Plaintiff-Intervenor,
vs.

UNIVERSITY OF MIAMI,

 Defendant.
_____/

**PLAINTIFF EEOC'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff United States Equal Employment Opportunity Commission ("EEOC") hereby responds in opposition to the Motion to Dismiss Plaintiff's Complaint (DE #12) filed by Defendant University of Miami ("UM"). As set forth below, UM's motion should be denied in its entirety.

**I. INTRODUCTION**

EEOC commenced this action against Defendant University of Miami ("UM") on July 29, 2019 under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Equal Pay Act of 1963 ("EPA"), to correct unlawful employment practices on the basis of sex and to provide relief to Plaintiff Intervenor Louise Davidson-Schmich. EEOC alleged UM discriminated against Davidson-Schmich by paying her less than a male counterpart for performing equal work. DE #1, at 1.

EEOC's Complaint alleges that UM hired Davidson-Schmich in 2000 as a first-year assistant professor in the Department of Political Science, earning $50,000 a year. DE #1, ¶¶ 22-23. UM's College of Arts and Science ("CAS"), including the Department of Political

Science, ranks faculty from lowest to highest as follows: lecturer, senior lecturer, assistant professor, associate professor, and full professor. *Id.* ¶¶ 18, 21.

In the spring/summer of 2007, UM awarded Davidson-Schmich tenure and promoted her to associate professor, earning $72,500. *Id.* ¶¶ 25-26. At that time, Davidson-Schmich had six years of experience. *Id.* ¶ 24. Also at that time, UM hired Gregory Koger, who only had four years of experience teaching, as an assistant professor in the Department of Political Science earning $81,000. *Id.* ¶¶ 27-29.

In late 2016/early 2017, UM promoted both Davidson-Schmich and Koger to full professor after reviewing their performance based on the same qualification standards, namely, their records in research, teaching, and service. *Id.* ¶¶ 32-35, 42. With respect to each of these components, EEOC's complaint alleged facts that as part of their promotions to professor both Davidson-Schmich and Koger: 1) published articles and books in their fields; 2) received ratings above the norm for teaching; and 3) while Koger did not receive any distinction for his service, Davidson-Schmich was commended for her willingness to assume service responsibilities within her profession and at UM. *Id.* ¶¶ 36-41.

Additionally, EEOC alleged that in late 2016/early 2017, the Ad Hoc Committee on Women Faculty released a memorandum on pay equity issues based on an audit of salaries within the CAS revealing that on average, women made $32,889 less than men in the CAS. *Id.* ¶¶ 43-45. Then, in May 2018, Davidson-Schmich learned that she was earning $112,400, while Koger was earning $137,366 for substantially similar work. *Id.* ¶ 51.

UM now moves to dismiss EEOC's complaint under Rule 12(b)(6), arguing that EEOC failed to state either an EPA or Title VII claim. DE #12. As a threshold matter, UM urges the Court to dismiss EEOC's claims by adopting a pleading standard that is higher than that required at the motion to dismiss stage. Specifically, UM incorrectly argues that EEOC must plead sufficient facts to establish a *prima facie* case of discrimination in order to survive a motion to dismiss, DE #12, at 7. Then, based on this incorrect standard and citing to cases dismissing complaints with far less, or none, of the facts in EEOC's Complaint, or in summary judgment cases, UM argues that EEOC failed to plead facts of a comparator under either the EPA or Title VII. *Id.*, at 8-11. As set forth below, UM's positions are without merit, EEOC's Complaint alleges more than sufficient facts to meet the plausibility standard as to Davidson-

Schmich's comparator under both the EPA and Title VII, and UM's motion to dismiss should be denied in its entirety.

**II.     THE PROPER LEGAL STANDARD ON MOTIONS TO DISMISS IS THE PLAUSIBILITY STANDARD OF *TWOMBLY* AND *IQBAL*.**

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Lastly, "[o]n a motion to dismiss, the Court must also accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff." *Fed. Trade Comm'n v. Student Aid Ctr., Inc.*, 281 F. Supp. 3d 1324, 1331 (S.D. Fla. 2016) (citing *Twombly*, 550 U.S. at 555).

After *Iqbal* and *Twombly*, the Eleventh Circuit made clear that "[a] complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss. But complaints alleging discrimination still must meet the 'plausibility standard' of *Twombly* and *Iqbal*." *Henderson v. JP Morgan Chase Bank, N.A.,* 436 Fed.Appx. 935, 937 (11th Cir. 2011) (internal citation omitted)); *see also Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 642 (11th Cir. 2018) (vacating district court's granting motion to dismiss and stating that "[t]he Supreme Court has made clear that a plaintiff does not need to establish a *prima facie* age-discrimination case in order to survive a Rule 12(b)(6) motion to dismiss."); *Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 974 (11th Cir. 2008) (citing *Twombly,* 550 U.S. at 555) (abrogated on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) (stating that a plaintiff need not allege sufficient facts to make out a *prima facie* case of discrimination in order to survive a motion to dismiss, but "must provide 'enough factual matter (taken as true) to suggest' intentional [gender] discrimination."); *Knight v. Fla. Dep't of Revenue*, No. 4:14CV586-MW/CAS, 2015

3

WL 521101, at *1 (N.D. Fla. Feb. 9, 2015) ("In the employment discrimination context, however, neither *Iqbal* nor *Twombly,* nor the Federal Rules of Civil Procedure, require a complaint to allege facts establishing each element of a prima facie case . . . ."). As a result, UM's statement of law—that "[p]ost-*Iqbal*, a complaint must allege a *prima facie* case of discrimination to survive a motion to dismiss," DE #12, at 7—is simply incorrect. The plausibility standard is what is required, and as described in further detail below, EEOC's alleged facts are more than sufficient to meet this standard for both its EPA and Title VII claims.

### III. EEOC'S COMPLAINT ALLEGES MORE THAN SUFFICIENT FACTS TO MEET THE PLAUSIBILITY STANDARD FOR ITS EPA CLAIM.

"The Equal Pay Act is broadly remedial, and it should be construed and applied so as to fulfill the underlying purposes which Congress sought to achieve." *Corning Glass Works v. Brennan*, 417 U.S. 188, 208 (1974). An employer violates the Equal Pay Act by "paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C.A. § 206 (West); *see also Irby v. Bittick,* 44 F.3d 949, 954 (11th Cir.1995) (quoting *Corning Glass Works v. Brennan,* 417 U.S. 188, 195, (1974)). EEOC has plead sufficient facts for its claim to have plausibility, that is by which this Court can draw the reasonable inference UM violated the EPA. EEOC identified Gregory Koger as a male comparator in the same Department of Political Science as Davidson-Schmich, along with their specific time frames and salaries. DE #1, ¶¶ 19-23, 26-29, 42, 51-52. As alleged, when Koger was hired in 2007 as an assistant professor, Davidson-Schmich was awarded tenure and promoted to associate professor (a position ranked higher than Koger's at the time) and earned $72,500 compared to Koger's $81,000. *Id.* ¶¶ 21, 25-27. Further, the complaint alleged that in late 2016/early 2017, UM promoted both Davidson-Schmich and Koger to full professor based on the exact same qualification standards for their positions. *Id.* ¶¶ 32-42. Specifically, in order to be promoted their positions as full professor, both candidates required satisfactorily meeting publishing standards (and published both books and articles), teaching standards, and service standards. *Id.* ¶¶ 33-34. Both Davidson-Schmich and Koger met these specific standards and were promoted at the same time to the same position within the same

4

department. *Id.* ¶¶ 35-42. Davidson-Schmich continued to earn less than Koger, as she learned in 2018 that Koger was earning $137,366 while she only made $112,400. *Id.* ¶ 51.

Courts have denied motions to dismiss EPA claims with factual allegations that contain similar or less detail to those alleged by EEOC. *See Washington v. Med-Spec. Transport, Inc.*, No. 18 CV 3334, 2019 WL 2016259, at *1, 3 (N.D. Ill. May 7, 2019) (citing *Iqbal*, 556. U.S. at 678) (denying motion to dismiss where complaint alleged that plaintiff and female carriers who picked up and delivered medical supplies performed jobs requiring equal skill, effort, and responsibility under similar working conditions); *Spencer v. Virginia State Univ.*, No. 3:16-CV-989-HEH, 2017 WL 1289843, at *6 (E.D. Va. Apr. 4, 2017) (denying motion to dismiss because plaintiff had pled difference in salaries between her and male comparator, and had pled they both taught courses at the university); *id.* at *7 (rejecting defendant's argument that motion to dismiss was warranted because female professor and male comparator "teach different courses to different levels of students in different departments"); *Collins v. Honda Manufacturing of Alabama, LLC*, No. 7:15-cv-02329-TMP, 2016 WL 6610434, at *5 (N.D. Ala. Nov. 09, 2016) (denying motion to dismiss where complaint alleged plaintiff and comparators were employed as Engineer Associates, which required similar skills, effort, and responsibility); *Neal v. Dep't of Juvenile Justice*, No. 4:15CV530-RH/CAS, 2015 WL 9581827, at *2 (N.D. Fla. Dec. 30, 2015) (denying motion to dismiss in case where "in support of the Equal Pay Act claim, the first amended complaint alleges that Ms. Neal's job and the identified man's job required equal skill, effort, and responsibility. Ms. Neal alleges the same is true for other men not specifically identified."); *Earl v. Norfolk State University*, No. 2:13cv148, 2014 WL 2916718, at *14-15 (E.D. Va. June 26, 2014) (denying motion to dismiss where complaint alleged plaintiff and comparators taught in the same department and taught the same or "fungible" courses); *Barrett v. Forest Laboratories, Inc.*, 39 F. Supp 3d 407, 433-435 (S.D.N.Y 2014) (denying motion to dismiss where plaintiffs identified specific male comparators); *c.f. Belgrave v. Splendora Independent School Dist.*, H-07-1704, 2007 WL 2751887, at *1 (S.D. Tex. Sept. 20, 2007) (denying motion to dismiss where complaint alleged that plaintiff's comparator was the person previously in his position); *Stell v. Intel Corp.*, No. 10–90–AA, 2010 WL 2757555, at *1 (D. Or. July 7, 2010) (denying motion to dismiss but granting motion for more definite statement, ordering plaintiff to "alleg[e] the male comparators she asserts were paid more for equal work."). EEOC specifically alleges that

5

Davidson-Schmich and Koger were both performing publication, teaching and service duties to both be promoted to full professor at the same time. DE #1 ¶¶ 32-36, 41-42. Thus, UM's contention that EEOC did not allege facts about job duties is false and makes this case distinguishable from *Green v. ADCO Int'l Plastics Corp.*, No. 1:17-CV-337-WSD-LTW, 2018 WL 739794, at *8 (N.D. Ga. Feb. 7, 2018).

      The cases cited by UM where courts granted motions to dismiss on EPA claims are clearly distinguishable as plaintiffs in those cases pled either significantly fewer facts, no facts, or none of the factual allegations found in EEOC's Complaint. *See* DE #12, at 7-10; *Spencer v. Virginia State Univ.*, 224 F.Supp.3d 449, 457 (E.D. Va. 2016) (plaintiff identified male professors in different departments and complaint was "devoid of any information detailing her proposed comparators' job duties, scholarly and research responsibilities, extracurricular working activities, or working conditions."); *Weinreb v. Xerox Bus. Servs.,* 323 F. Supp. 3d 501, 519 (S.D.N.Y. 2018) ("[a]ll Plaintiffs assert is that male employees with female spouses receive unequal benefits."); *Shafer v. Young Automotive Group, Inc.,* No. 1:17-cv-00160-JNP-EJF, 2018 WL 4688342, at *2-3 (D. Utah, Sept. 28, 2018) (plaintiff alleged that comparators had similar duties and responsibilities, but did not state or identify what these were, and instead relied solely on the conclusory language and a shared job title); *Bailey v. SC Dept. of Corr.*, No. 3:17-3500-TLW-KDW, 2018 WL 2144548, at *7 (D.S.C. Feb. 23, 2018) (dismissing plaintiff's EPA claim consisting of "largely unidentified comparators with no detail as to relative salaries, time-frames, or the skill, effort and responsibilities of the employees"); *Schultz v. Dixie State Univ.,* No. 2:16-CV-830 TS, 2017 WL 1968651, at *12 (D. Utah May 11, 2017) (plaintiff, a university vice president, provided "no information as to how her work was similar to that of her vice president colleagues," noting that "vice presidents do not necessarily undertake the same tasks as they oversee different departments and maintain responsibility for different university functions."); *Suzuki v. State Univ. of N.Y. College at Old Wesbury,* No. 08-CV-4569 (TCP), 2013 WL 2898135, at *4 (E.D.N.Y. June 13, 2013) (dismissing complaint where plaintiff only alleged she and female professors were paid less than male professors for equal work, but provided absolutely no other facts about her or her comparator's positions, "[did] not identify any male faculty members in her department," and "[did] not even disclose her salary."); *Chandler v. Univ. of Pennsylvania*, 927 F. Supp. 2d 175, 180 (E.D. Pa. 2013) (dismissed where plaintiff admitted in paragraph 9 of the complaint she

did not have one of the minimum requirements of the position); *Poulakos v. Nova Southeastern Univ.,* No. 09-61865-CIV-DIMITROULEAS, 2010 WL 11602020, at *5 (S.D. Fla. Feb. 12, 2010) (dismissing claim alleging "not one single fact regarding any other male employee at NSU, or the wages, working conditions, or job requirements of any other male employee."). Here, EEOC: 1) identified the comparator (Koger); 2) alleged how Davidson-Schmich's and Koger's job were of equal skill, effort, and responsibility, and were performed under similar working conditions (both taught in the same political science department and were required to perform the same duties of teaching, publication and service to be promoted to the same position); and 3) alleged the specific difference in pay. DE #1, ¶¶ 19-42, 51-52.

UM relies heavily on *EEOC v. Port Authority of New York and New Jersey*, 768 F.3d 247 (2d Cir. 2014), but reliance on that case is misplaced. The complaint in that case alleged only that the comparators were "non-supervisory" attorneys who shared the same "job code" as the class of female employees and did not include any additional facts. *See* Ex. A (Port Authority Complaint, at 3-4). In contrast, EEOC's Complaint against UM identifies the comparator by name, position, and job duties. Further, the complaint in the *Port Authority* case was dismissed in part because the attorneys compared worked in different divisions, *EEOC v. Port Authority of New York and New Jersey*, No. 10Civ.7462(NRB), 2012 WL 1758128, at *2, 5 (S.D.N.Y. May 17, 2012), whereas here Davidson-Schmich and Koger work in the same department.

### IV. UM'S MOTION SEEKS TO IMPOSE A HEIGHTENED PLEADING STANDARD FOR ALLEGING COMPARATORS BASED ON INAPPOSITE CASES REVIEWED AT SUMMARY JUDGMENT.

Aside from ignoring the plausibility standard required at the motion to dismiss stage, UM's motion seeks to impose a higher standard for whether a comparator is appropriate than is required as a matter of law. Initially, UM seems to argue that Davidson-Schmich and Koger are not appropriate comparators because one's focus is on "gender and politics" and the other's is "American politics" (DE #12, at 4), suggesting that the EPA is not available to academic professionals unless they can find a comparator with the same thesis and exactly same interests. This proposition ignores the fact that if such a person existed, they would not likely both be employed by the same institution, and if taken to its logical conclusion would exclude entire categories of professionals from relief under the law. *Cf. Blackman v. Fla. Dep't*

7

*of Bus. & Prof'l Regulation*, 599 F. App'x 907, 923 (11th Cir. 2015) (Rosenbaum, J., dissenting) ("it is difficult to imagine a case where a plaintiff will be able to show 'substantial similar[ity]' between two high-level managerial jobs that are not identical—a troubling proposition, considering that when high-level management positions are involved, there is generally no functional need for two identical management positions near the top of a structural hierarchy.").

Then, seeming to ignore the facts actually alleged in EEOC's Complaint, UM presents an argument about the degree to which a comparator must be similar, relying on summary judgment cases that revealed, after discovery during litigation, facts far different from those alleged here. *See* DE # 12, at 5-6; *Spencer v. Virginia State Univ.*, 919 F.3d 199, 204-205 (4th Cir. 2019) (comparator taught in different department at different class levels, had different duties of supervising dissertations, and worked different hours); *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1526 (11th Cir. 1992) (discussing ultimate burden of proof, not pleading requirements); *Waters v. Turner, Wood & Smith Ins. Agency, Inc.*, 874 F.2d 797, 799 (11th Cir. 1989) (plaintiff could only demonstrate she performed two of nine core duties); *Summy-Long v. Penn. State Univ.*, 226 F. Supp. 3d 371, 378-79 (M.D. Pa. 2016), *aff'd*, 715 Fed. Appx. 179 (3d Cir. 2017) (discovery showed plaintiff performed significantly less work than male counterparts and court ruled employer could rely on merits exception to unequal pay); *Garcia v. Univ. of Miami*, No. 1:12-CV-20009-UU, 2012 WL 12845123, at *6 (S.D. Fla. Dec. 20, 2012) (plaintiff was a high school recruiter, whereas comparators managed current college students and the sports team as an institution).

Again, EEOC's Complaint alleges that Davidson-Schmich and Koger, both in the Department of Political Science since 2007, were both promoted to full professor in 2016/2017 based on a review of the same necessary qualifications of research, teaching, and service within that department. UM argues that these allegations are insufficient, attempting to compare these facts to those alleged in *EEOC v. Port Authority of New York and New Jersey*, 768 F.3d 247 (2d Cir. 2014) and *Spencer v. Virginia State Univ.*, 919 F.3d 199 (4th Cir. 2019). *See* DE #12, at 8-10. However, these two cases are clearly inapposite.

In *Port Authority*, the district court was not persuaded that the Port Authority's evaluation criteria made the attorney positions substantially similar because they "may be used to evaluate different employees on different scales," noting that "expectations for a

8

newly hired contract attorney with respect to managing projects may—and should—be vastly different from those for a senior appellate litigator." 2012 WL 1758128, at *5. Further, the criteria in *Port Authority* were merely "guidelines for evaluating all of Port Authority's attorneys" and "[did] not shed light on whether the attorneys are actually evaluated against the same reference points." *Id.* In stark contrast, the review standards here were actually used to evaluate both Davidson-Schmich and Koger at the same time in order to determine their qualification to be promoted to the same level of professor within the same department and general subject area.

   The difference between the legal standards applied at the summary judgment stage and motion to dismiss stage is exemplified by *Spencer v. Virginia State University.* Although the court granted *summary judgment* on the basis that the proposed comparators taught in different departments at different class levels, had different duties of supervising dissertations, and worked different hours, it refused to grant defendant's *motion to dismiss* on grounds that the plaintiff and her comparators worked in different academic departments or taught different courses because those distinctions did not preclude two people from being proper comparators *as a matter of law*. *Compare Spencer v. Virginia State Univ.*, 919 F.3d 199, 204–05 (4th Cir. 2019), *as amended* (Mar. 26, 2019), *with Spencer v. Virginia State Univ.*, No. 3:16-CV-989-HEH, 2017 WL 1289843, at *7 (E.D. Va. Apr. 4, 2017). In any event, the distinctions between professors present in *Spencer* are not present in this case. Similarly, the court in *Scroggins v. Troy Univ.*, No. 2:13CV63-CSC, 2014 WL 766315, at *6 (M.D. Ala. Feb. 26, 2014) refused to compare a non-tenure track lecturer to tenure-track assistant professors, noting that the tenure track assistant professors were subject to research, publication, and other requirements not applicable to non-tenured lecturers. Here, EEOC's Complaint seeks to compare Davidson-Schmich to a professor not only within the same humanities subject area but within the same Political Science department, but one who was promoted to the same professor level at the same time, according to the same standards for research (including publishing), teaching, and service.

   Instead of either *Port Authority* or *Spencer*, this case is more similar to *Earl v. Norfolk State Univ.*, No. 2:13CV148, 2016 WL 1078280 (E.D. Va. Mar. 17, 2016), an EPA case where the court allowed a comparison of professors within a university's political science department. *Id.* at *2 (ultimately finding in favor of Defendant's affirmative defense, at

9

summary judgment, that comparator received higher pay because of prior experience as high-ranking administrator).

Lastly, while EEOC's well plead facts concerning a substantially equal male comparator are more than enough to defeat UM's motion to dismiss, it should be noted that EEOC's inclusion of the pay disparities reported by UM's Ad Hoc Committee on Women Faculty is hardly "irrelevant to the EPA claim," as described by UM in its motion. DE #12, at 8. In fact, "statistical evidence of a gender-based salary disparity among comparable professors," along with identification of a specific male comparator, may be used to establish liability under the EPA. *See Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 491 (2001). Even the case UM cites, *Chandler v. Univ. of Pennsylvania*, 927 F. Supp. 2d 175, 183 (E.D. Pa. 2013), finds that "general employment trends or patterns" can be "collateral evidence." Moreover, in *Chandler* the court took issue with the statistics comparing the number of African-Americans within the University of Pennsylvania's faculty to the overall population. *Id.* The court stated that the plaintiff failed to cite statistics specific to the University of Pennsylvania, such as the applicant pool for faculty positions at the University or the rate at which applicants to the faculty are rejected. *Id.* Here, EEOC is relying on facts specifically about treatment of women within UM. DE # 1, ¶¶ 43-45. Also, the facts are related to complaints that female faculty members made to UM's Dean. *Id.* ¶ 47. Again, the standard for reviewing a complaint at the motion to dismiss stage is plausibility, and EEOC's Complaint alleges more than enough facts to state a claim under the EPA, especially as to a comparator. Thus, UM's motion as to EEOC's EPA claim should be denied.

### V.     UM ASKS THE COURT TO ACT AS THE TRIER OF FACT.

"To survive a motion to dismiss, the four corners of the complaint must contain factual allegations which are enough to raise a right to relief above speculative level. The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *In re Autoclub Body & Paint Serv., Inc.*, No. 09-20354-BKC-AJC, 2011 WL 766972, at *1 (Bankr. S.D. Fla. Feb. 23, 2011). Although it is indisputable that in deciding a motion to dismiss the court's "analysis is limited to the four corners of the plaintiff's complaint," and the court "must accept the plaintiff's well pled facts as true," *Fed. Trade Comm'n v. Student Aid Ctr., Inc.*, 281 F. Supp. 3d 1324, 1331 (S.D. Fla. 2016), UM asks the Court to become the trier of fact, basing its motion to dismiss

on a *factual* argument about compensation in academia, DE # 12, at 3-4. Whether the facts UM recites on page 4 of its brief are more persuasive than those EEOC alleges in its complaint is not a question to be decided on a motion to dismiss but a question of fact for the jury. *See Lavin–McEleney v. Marist College*, 239 F.3d 476, 480 (2d Cir. 2001) ("Whether two positions are 'substantially equivalent' for Equal Pay Act purposes is a question for the jury."); *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1533-34 (11th Cir.1992) (reversing grant of summary judgment on EPA claim, noting that similarity of jobs between plaintiff and her comparator, both grocery buyers, was an issue of fact for the jury).

## VI. EEOC's COMPLAINT ALLEGES SUFFICIENT FACTS TO SUPPORT ITS TITLE VII CLAIM.

UM moves to dismiss EEOC's Title VII claim for failure to provide an appropriate comparator under the EPA. UM does not claim that EEOC has failed to allege any other element of a Title VII disparate pay claim. Because EEOC has alleged sufficient facts to provide a comparator under the EPA, as described in detail above, EEOC has therefore alleged sufficient facts under Title VII as well. *See Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1529 (11th Cir.1992) ("Title VII incorporates a more relaxed standard of similarity between male and female-occupied jobs, thus plaintiff is not required to meet the exacting standard of substantial equality of positions set forth in the Equal Pay Act."); *Rollins v. Alabama Cmty. Coll. Sys.*, 814 F. Supp. 2d 1250, 1267 (M.D. Ala. 2011) ("Under Eleventh Circuit law, therefore, the standard for comparators for an Equal Pay Act claim is greater than that for a Title VII claim."). UM's Motion with respect to EEOC's Title VII claim should therefore be denied on this basis.

Further, the Eleventh Circuit has made it clear that a Title VII comparator does not require "doppelganger-like sameness." *See Lewis v. Union City, Georgia*, 918 F.3d 1213, 1226 (11th Cir. 2019). Instead, a comparator under Title VII must be "similarly situated in all material respects." *Id.* at 1218. Similarities that "underlie a valid comparison" between a plaintiff and a similarly situated comparator may include: "engag[ing] in the same basic conduct;" "[being] subject to the same employment policy, guideline, or rule;" "[being] under the jurisdiction of the same supervisor;" and "[sharing]… employment or disciplinary history." *Id.* at 1227. Exact correlation is not necessary, and "minor differences in job function" will not "disqualify a would-be comparator." *Id.*

11

Here, both Davidson-Schmich and Koger had engaged in the same basic conduct before being promoted to professor at the same time in the same department according to the same employment standards for promotion, and continue to engage in the same basic conduct as professors. These facts are more than enough to meet the Title VII standard.

## VII.  CONCLUSION

For all of the foregoing reasons, EEOC respectfully requests that the Court deny UM's Motion to Dismiss EEOC's Complaint as to both its EPA and Title VII claims, and grant any other relief the Court deems proper.

Dated: October 15, 2019

                                                  Respectfully submitted,

                                                  <u>s/ Ana Consuelo Martinez</u>
                                                  Ana Consuelo Martinez
                                                  Florida Bar No. 110394
                                                  Trial Attorney
                                                  U.S. Equal Employment Opportunity Commission
                                                  Miami District Office
                                                  100 SE 2nd Street, Suite 1500
                                                  Miami, FL 33131
                                                  Telephone: (786) 648-5791
                                                  ana.martinez@eeoc.gov
                                                  *Counsel for Plaintiff EEOC*