United States District Court
for the
Southern District of Florida

| Equal Employment Opportunity Commission, Plaintiff, | ) |  |
|---|---|---|
| & | ) |  |
| Louise Davidson-Schmich, Plaintiff Intervenor, | ) | Civil Action No. 19-23131-Civ-Scola |
| v. | ) |  |
| University of Miami, Defendant. | ) |  |

**Order on Motions to Dismiss**

Now before the Court are the Defendant University of Miami's motion to dismiss the complaint (ECF No. 12) and its motion to dismiss the intervenor's complaint (ECF No. 15). For the reasons set forth below, both motions to dismiss (**ECF Nos. 12, 15**) are **denied**.

**1. Background**

The EEOC filed suit against the University of Miami ("UM"), alleging that the university pays a female professor, Louis Davidson-Schmich, less than her male counterpart in violation of Title VII of the Civil Rights Act and the Equal Pay Act. (ECF No. 1.) The professor filed an intervenor complaint containing the same claims and nearly-identical allegations. (ECF No. 13.)

Louise Davidson-Schmich and Gregory Kroger are both faculty at UM, a private research university, in the political science department. (ECF No. 1 at ¶¶ 17, 19-20.) At UM, faculty are ranked as follows (from lowest to highest): lecturer, senior lecturer, assistant professor, associate professor, and full professor. (*Id.* at ¶ 21.)

UM hired Davidson-Schmich as a first-year assistant professor in August 2000 and paid her a salary of $50,000. (*Id.* at ¶ 23.) After she worked as an assistant professor for six years, UM awarded her tenure and promoted her to an associate professor in the spring or summer of 2007. (*Id.* at ¶¶ 24-25.) Her pay increased to $72,500. (*Id.* ¶ at 26.) UM hired Kroger as an assistant professor in the spring or summer of 2007 and paid him a salary of $81,000. (*Id.* at ¶ 29.) At the time he was hired in 2007, Kroger had already acquired four years of experience teaching at the University of Montana. (*Id.* at ¶ 28.) The complaint

alleges that Davidson-Schmich published more material than Kroger. Davidson-Schmich had published a book by 2007, and Kroger did not publish one until 2010. Davidson-Schmich published more articles than Kroger. (*Id.* at ¶¶ 30-31.)

In December 2016, both Davidson-Schmich and Kroger were evaluated for a promotion to full professor based on the same qualification standards. (*Id.* at ¶¶ 33-34.) The committee recommended both candidates for promotion to full professor with a 5-0 committee vote. (*Id.* at ¶ 35.) Both professors received above average ratings for their teaching. (*Id.* at ¶ 39.)

Davidson-Schmich earned $112,400 for the 2017-2018 academic year. (*Id.* at ¶ 51.) In May of 2018, Davidson-Schmich learned that UM paid Kroger $137,366 for the 2017-2018 academic year via an email inadvertently sent to her. (*Id.* at ¶ 51.) On June 4, 2018, Davidson-Schmich filed a charge of discrimination with the EEOC, complaining that she made almost $25,000 less than her male counterpart. The EEOC issued a Letter of Determination, finding reasonable cause to believe that the EPA and Title VII were violated on March 5, 2019, and, after failing to secure a conciliation agreement, filed suit on July 29, 2019. (*Id.* at ¶14-15.)

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it

does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### 3. Argument

In order to make out an Equal Pay Act claim, a plaintiff must allege that "an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). While an Equal Pay Act complaint "need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Authority of NY and NJ*, 768 F.3d 247, 254 (2d Cir. 2014) (citing *Iqbal*, 556 U.S. at 680.) The EEOC and Davidson-Schmich (collectively "Plaintiffs") have alleged that Davidson-Schmich is paid nearly $25,000 less than another newly-promoted full professor in the same department. Nevertheless, UM argues that Davidson-Schmich and the EEOC failed to state a claim because they have not established that she and Kroger perform equal work. (ECF No. 12 at 5-10.)

In demonstrating equal work, "the controlling factor under the Equal Pay Act is content—the actual duties the respective employees are called upon to perform." *Waters v. Turner, Wood & Smith Ins. Agency, Inc.*, 874 F.2d 797 (11th Cir. 1989) (granting summary judgment for the employer because it identified seven of nine total job duties that the plaintiff did not perform). The statute does not require the plaintiff and the comparator to have identical jobs," but rather "substantially equal job content." *Garcia v. University of Miami*, 2012 WL 12845123, *5 (S.D. Fla. Dec. 20, 2012) (Ungaro, J.). The jobs being compared by an EPA plaintiff must "have common core of tasks, i.e., a significant portion of the jobs is identical." *Slattery v. Precision Response Corp.*, 2005 WL 6103681, *13 (S.D. Fla. June 30, 2005) (Dimitrouleas, J.) (citing *Cullen v. Ind. Univ. Bd. Of Trustees*, 338 F.3d 693, 698 (7th Cir. 2003)). "Thus, although employees do not have to prove jobs are identical, they have the heavy burden of proving

substantial identity of job functions." *Garcia*, 2012 WL 12845123 at *5 (citing *Waters*, 874 F.2d at 799).

Here, the Plaintiffs have supported their claims with numerous allegations relating to the professors' respective job duties, such as teaching classes and publishing books and articles. *Cf. Port Authority of NY and NJ*, 768 F.3d 247, 258 (2d Cir. 2014) (affirming dismissal where the plaintiff made no allegations of actual job duties). Specifically, they have alleged that Davidson-Schmich has two more years of teaching experience than Kroger. They stated that she has published more works than Kroger. The dean of the College of Arts and Sciences at UM described Davidson-Schmich's book as "of high significance and visibility." (ECF No. 1 at ¶ 37.) With respect to their teaching capabilities, both professors have received above average ratings. The EEOC has alleged that both are in the political science department and that both were promoted to full professor at the same time after a review by the same committee based on the same criteria. Nevertheless, Davidson-Schmich's salary is $112,400, while Kroger is paid $137,366. These allegations are sufficient to state a claim under the Equal Pay Act. *See Hinton v. Virginia Union University*, 185 F. Supp. 3d 807, 842 (E.D. Va. 2016) (denying dismissal of Equal Pay Act claim where "it can plausibly be inferred that Hinton and the female administrative assistants hold jobs that require equal skill, effort, and responsibility"); *Washington v. Med-Spec. Transport, Inc.*, 2019 WL 2016259, at *1-3 (N.D. Ill. May 7, 2019) (denying motion to dismiss where complaint alleged that plaintiff and female carriers who picked up and delivered medical supplies performed equal work); c*f. Arafat v. School Bd. of Broward County*, 549 Fed. App'x 872, 875 (11th Cir. 2013) (affirming the dismissal where she recited the EPA's elements in a "conclusory or formulaic" fashion but did not plead "the facts comparing her skill, effort, and responsibility levels to these younger males").

UM's motion relies heavily on a Fourth Circuit case called *Spencer v. Virginia State University*, which granted summary judgment to Virginia State University because the male and female professors did not engage in equal work. 919 F.3d 199 (4th Cir. 2019). This case does not control here, first, because *Spencer* was decided at the summary judgment stage, and not on a motion to dismiss. Second, the Fourth Circuit's reasoning does not apply here. The court reasoned that the professors did not perform equal work because they taught in different departments and "the differences between academic departments generally involve differences in skill and responsibility." *Id.* at 204-205. The court further reasoned that the professors engaged in different work because the female professor taught undergraduate courses, while the two male professors taught graduate courses. *Id.* at 205. The male professors supervised dissertations, while the female professor did not. *Id.* Moreover, the male

professors worked more hours each week. *Id.* None of this reasoning applies here because Davidson-Schmich and Kroger both taught in the same department at the undergraduate level. Any other potential differences between the professors' work can be developed by the Defendant during discovery and presented at summary judgment.

UM further argues that the Plaintiffs failed to state a claim under Title VII because the Plaintiffs did not state a claim under the EPA. In other words, like the Plaintiffs' failure to allege that the professors engage in equal work, the complaints fail to adequately support the notion that the professors are "similarly situated." (ECF No. 12 at 10.) As the Court has already held that the Plaintiffs have successfully stated a claim under the EPA, this argument fails. Moreover, because the Plaintiffs have alleged sufficient facts to provide a comparator under the EPA, they have also alleged sufficient facts under Title VII's more relaxed standard. *See Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1529 (11th Cir. 1992) ("Title VII incorporates a more relaxed standard of similarity between male and female-occupied jobs, thus plaintiff is not required to meet the exacting standard of substantial equality of positions set forth in the Equal Pay Act"); *Rollins v. Alabama Cmty. Coll. Sys.*, 814 F. Supp. 2d 1250, 1267 (M.D. Ala. 2011) ("Under Eleventh Circuit law, therefore, the standard for comparators for an Equal Pay Act claim is greater than that for a Title VII claim.").

### 4. Conclusion

In sum, the Court **denies** UM's motion to dismiss the EEOC's complaint (**ECF No. 12**) and it **denies** UM's motion to dismiss Davidson-Schmich's complaint (**ECF No. 15**).

**Done and ordered** at Miami, Florida, on December 3, 2019.

Robert N. Scola, Jr.
United States District Judge