IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 1:19-cv-23131-SCOLA/LOUIS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

 Plaintiff,

&

LOUISE DAVIDSON-SCHMICH,

 Plaintiff Intervenor,

v.

UNIVERSITY OF MIAMI,

 Defendant.
_____/

## Agreed Confidentiality Order

 It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

 1. Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

 2. The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

 3. Only documents containing trade secrets, or other confidential or proprietary research, development, manufacturing, or commercial or business information, information confidential by statute or personal health or financial information, may be designated as confidential, provided such documents have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it. Such documents or

parts thereof will be designated after review by an attorney for the producing party by stamping the word "Confidential" on each page.

4. If any party believes a document not described in the above paragraph 3 should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for reasons shown and for extraordinary grounds.

5. Documents designated confidential shall be shown only to the attorneys, the parties, parties' experts, actual or proposed witnesses, and other persons whom the attorneys reasonably deem necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidentiality designation.

6. If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

7. At the time of deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (3) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts that contain confidential material will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order.

8. Prior to filing confidential documents of the designating party in support of any motion to the Court, counsel for the parties will consult and, if necessary, seek to file confidential documents under seal as governed by Local Rule 5.4. The burden of defending any motion to seal or confidentiality designation shall be on the designating party. Specifically, within five (5) business days of the moving party filing a motion to seal, the

designating party will file a memorandum in support of the motion to seal.

9. All Confidential Information disclosed, whether appearing in documents, testimony or any and all other media, in the course of the above captioned litigation shall be used solely for the purposes of this litigation, including appeals. Disclosure for any other purpose is strictly prohibited.

10. Within thirty days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as "Confidential" and/or "Confidential Information" shall be returned to the producing Party or destroyed. The Parties shall provide written verification to the other Parties that all copies of such material produced in the course of the above captioned litigation have been returned or destroyed. Materials that are in the custody of the Court are excepted from the terms of this paragraph. Materials that are in the custody of Plaintiff, the Equal Employment Opportunity Commission, shall be governed by federal statutes and regulations concerning recordkeeping obligations and are also excepted from the terms of this paragraph.

11. The terms of this Order shall remain in effect through the conclusion of this action and any related appeals.

**DONE AND ORDERED** in Chambers, Miami, Florida, this ___ day of _____, 2019.

                                                                                                                                                                _____

                                                                            LAUREN LOUIS
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Robert N. Scola, Jr., U.S. District Judge*
*Counsel of record*