**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:19-CV-23131-SCOLA/LOUIS**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

LOUISE DAVIDSON-SCHMICH,

    Intervenor-Plaintiff,

v.

UNIVERSITY OF MIAMI,

    Defendant.
_____/

## JOINT MOTION TO AMEND SCHEDULING ORDER

Plaintiff, Equal Employment Opportunity Commission (the "EEOC"); Intervenor-Plaintiff, Louise Davidson-Schmich ("Dr. Davidson-Schmich"); and Defendant, University of Miami (the "University"), by and through their undersigned counsel, hereby jointly move to amend the Court's Scheduling Order (D.E. 19) in light of delays and uncertainty caused by the COVID-19 pandemic. The parties respectfully submit that an extension of all unexpired deadlines/dates in the Court's Scheduling Order is necessary to allow for a full development of the record and an orderly presentation of this case to the Court. In support hereof, the parties state as follows:

1. In this lawsuit, the EEOC and Dr. Davidson-Schmich contend that the University violated Title VII and the Equal Pay Act by paying Dr. Davidson-Schmich (a female professor at the University) less than Dr. Gregory Koger (a male professor at the University) because of her sex. (D.E. 1, D.E. 13.) The University denies their allegations and contends that Drs. Davidson-

Schmich and Koger do not perform the same jobs at the University and, even if they did, any differences in pay are unrelated to sex. (D.E. 28, D.E. 29.)

2. On October 31, 2019, the Court entered the operative Scheduling Order (D.E. 19) that contains the following remaining deadlines:

| | |
|---|---|
| June 4, 2020 | Deadline to complete all fact discovery.<br><br>Deadline to submit joint notice indicating whether the parties consent to jurisdiction before the designated magistrate judge for purposes of final disposition.<br><br>Deadline to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). Rebuttal disclosures are permitted, and must conform to the deadline set forth in Federal Rule of Civil Procedure 26(a)(2)(D)(ii). |
| June 19, 2020 | Deadline for the filing of all dispositive motions. |
| July 2, 2020 | Deadline to complete mediation, consistent with the Order of Referral to Mediation. |
| August 6, 2020 | Deadline to complete all expert discovery. |
| August 25, 2020 | Deadline for the filing of pretrial motions, including motions in limine and *Daubert* motions. |
| September 28, 2020 | Deadline to file joint pretrial stipulations under Local Rule 16.1(e) and pretrial disclosures as required by Federal Rule of Civil Procedure 26(a)(3). |
| October 12, 2020 | Deadline to file proposed jury instructions consistent with Local Rule 16.1(k). |
| October 20, 2020 | Calendar Call |
| October 26, 2020 | Two-Week Trial Period Beginning Date |

3. Over the last several months, the parties have exchanged written discovery requests/responses and complied with all of the deadlines in the Scheduling Order, including the filing of a Joint Interim Status Report on February 6, 2020 (D.E. 56). In the Status Report, the

parties noted their belief (even at that time) that they would need to seek an extension of the discovery deadline because of logistical issues in discovery. Among other things, the parties have been working on paring down ESI searches/results, as the initial searches requested by the EEOC resulted in several hundred thousand hits. Those discussions have been productive and are ongoing, and the parties hope to resolve any issues without the need for Court intervention. Given the volume of ESI material that eventually will be produced, the parties will need sufficient time to review same before depositions. Finally, the University's academic calendar has impacted (and will continue to impact) the availability of witnesses for deposition.

4.     These logistical issues have been exacerbated by the COVID-19 pandemic. For the last several weeks, the University has ceased most of its physical operations and has worked to transition to teaching online. Most University employees have transitioned to working from home. In particular, the University's IT staff (who conduct the ESI searches) have been working to develop and manage the online teaching platforms (including assisting professors and students with the available software options) and are unavailable to assist in facilitating discovery in litigation matters.

5.     Finally, as noted in the Status Report, there are two motions currently pending before Magistrate Judge Louis (the University's Motion to Compel (D.E. 33) and the EEOC's and Dr. Davidson-Schmich's Motions to Strike Certain of the University's Affirmative Defenses (D.E. 35, D.E. 36)). Magistrate Judge Louis' rulings likely will impact the scope of discovery and potentially necessitate the need for additional/follow-up written discovery.

6.     To avoid any additional costs for continued/follow-up depositions, the parties believe that the bulk of written discovery should be completed before any depositions are scheduled. In light of the closures/delays caused by the COVID-19 pandemic, including a recently-announced Stay-at-Home Order from Governor DeSantis that will be in effect in Florida through

at least May 1, 2020, the parties do not believe that they will be in a position to take depositions until the Summer of 2020 at the earliest. However, because of the University's academic calendar (and the fact that many University witnesses, as well as Dr. Davidson-Schmich, have less availability during the Summer months), the parties estimate that a more realistic timeline for the start of depositions is August/September 2020. This will impact the existing expert discovery deadlines, as expert witnesses cannot be identified/engaged until after certain fact discovery (including the depositions of key witnesses) has been completed.

7. Accordingly, given the current status of discovery and the continued uncertainty caused by the COVID-19 pandemic, the parties believe that complying with the remaining deadlines set forth in the Scheduling Order is not feasible and will result in prejudice to the parties. Therefore, the parties respectfully request that the Court modify the Scheduling Order and push back/re-set all unexpired deadlines, including the trial setting, by six months.

8. It is well-established that a district court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Lisa, S.A. v. Mayorga*, 232 F. Supp. 2d 1325, 1326 (S.D. Fla. 2002) (quoting *Landis v. North Am. Co.*, 299 U.S. 248 (1936)), *aff'd sub nom. Lisa, S.A. v. Dionisio Gutierrez Mayorga*, 90 Fed. Appx. 381 (11th Cir. 2003). Fed. R. Civ. P. 16(b)(4) permits the Court to modify a Scheduling Order "for good cause and with the judge's consent." *Ehlen Floor Covering, Inc. v. Lamb*, No. 207CV666FTM29DNF, 2012 WL 12957377, at *1 (M.D. Fla. July 13, 2012). Good cause exists where the existing "schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

9. For the reasons set forth above, the parties respectfully submit that good cause exists for the requested modification of the Scheduling Order.

WHEREFORE, the parties respectfully request that the Court (1) modify the Scheduling Order as set forth above; and (2) grant such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted this 1st day of April, 2020,

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission, Miami District Office**<br>Miami Tower<br>100 SE 2nd Street, Suite 1500<br>Miami, Florida 33131<br>Tel.: (305) 808-1753<br>Fax: (305) 808-1835<br><br>By: /s/ Ana C. Martinez<br>    Beatriz Biscardi Andre<br>    Special S.D. Fla. ID: A5501597<br>    beatriz.andre@eeoc.gov<br>    Ana Consuelo Martinez<br>    Florida Bar No. 110394<br>    ana.martinez@eeoc.gov<br><br>*Counsel for Plaintiff, Equal Employment Opportunity Commission* | **Isicoff Ragatz**<br>601 Brickell Key Drive, Suite 750<br>Miami, Florida 33131<br>Tel.: (305) 373-3232<br>Fax: (305) 373-3233<br><br>By: /s/ Christopher M. Yannuzzi<br>    Eric D. Isicoff<br>    Florida Bar No. 372201<br>    Isicoff@irlaw.com<br>    Teresa Ragatz<br>    Florida Bar No. 545170<br>    Ragatz@irlaw.com<br>    Christopher M. Yannuzzi<br>    Florida Bar No. 92166<br>    Yannuzzi@irlaw.com<br><br>*Counsel for Defendant, University of Miami* |
| **Amlong & Amlong, P.A.**<br>500 Northeast Fourth Street<br>Fort Lauderdale, Florida 33138<br>Tel.: (954) 462-1983<br>Fax: (954) 523-3192<br><br>By: /s/ Karen C. Amlong<br>    Karen C. Amlong<br>    Florida Bar No. 275565<br>    KAmlong@TheAmlongFirm.com<br>    Patricia L. Willis<br>    Florida Bar No. 294410<br>    PWillis@TheAmlongFirm.com<br><br>*Counsel for Intervenor-Plaintiff, Louise Davidson-Schmich* | |