UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-23131-SCOLA/LOUIS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,


&

LOUISE DAVIDSON-SCHMICH,

      Plaintiff-Intervenor,
v.

UNIVERSITY OF MIAMI,

      Defendant.

_____/

## REPORT AND RECOMMENDATIONS

**THIS MATTER** comes before the Court pursuant to Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion to Strike Certain of Defendant's Affirmative Defenses (ECF No. 35), which Plaintiff-Intervenor Dr. Louise Davidson-Schmich joined by filing her Notice of Adoption of Plaintiff EEOC's Motion to Strike Certain of Defendant's Affirmative Defenses as to Defenses 2, 3, and 5 (ECF No. 36). Defendant University of Miami responded in opposition to both (ECF No. 43) and EEOC replied (ECF No. 53), which Dr. Davidson-Schmich also adopted (ECF No. 54). These matters were referred to the undersigned by the Honorable Robert N. Scola, United States District Judge for either an Order or a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure

72, and Rule 1 of the Local Magistrate Rules (ECF No. 38). The matters being fully briefed, and the undersigned being fully advised in the matters, the undersigned recommends the Motion be DENIED.

## I.    BACKGROUND

In this lawsuit, the EEOC and Dr. Davidson-Schmich allege that the University violated Title VII of the Civil Rights Act of 1964, 78 Stat. 241, 42 U.S.C. § 2000e et seq. and the Equal Pay Act by paying Dr. Davidson-Schmich (a female professor at the University) less than her male colleague, Dr. Gregory Koger because of her sex (ECF Nos. 1, 13). The University's Answer denies the allegations and claims that the two professors do not perform the same job duties at the University; teach the same classes; research in the same fields of study; or publish their work in the same publications. Defendant moved to dismiss the complaints for failure to state a claim (ECF Nos. 12, 15). The Court denied both motions, finding that Plaintiffs did adequately state a claim because both Dr. Davidson-Schmich and Dr. Koger worked in the same department at the undergraduate level and that any other potential differences between the professors' work could be developed by Defendant during discovery and presented at summary judgment (ECF No. 25).

The University raises several affirmative defenses that are at issue in the present motion, including lack of standing, failure to exhaust administrative remedies, statute of limitations, laches, and failure to state a claim. The EEOC[1]

---

[1] Plaintiff Intervenor's Motion adopts Plaintiff EEOC's arguments as to Affirmative Defenses Nos. 2, 3, and 5. These affirmative defenses are identical to those raised by Defendant in its Answer to Plaintiff Intervenor's Complaint at ¶¶ 1, 2, and 4 (ECF No. 29), Affirmative Defense No. 1 to the EEOC's complaint was specific to the EEOC and accordingly not included in the Answer to Dr. Davidson-

moved to strike four of the University's affirmative defenses: 1) lack of standing due to EEOC's failure to conciliate; 2) statute of limitations; 3) failure to exhaust administrative remedies; and 5) failure to state a claim (ECF Nos. 35, 36). The EEOC does not contend that the University's defenses are insufficiently plead, rather, it contends that each of these affirmative defenses fail as a matter of law.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This is "a drastic remedy that is generally disfavored and motions to strike affirmative defenses should be denied unless it is clear that the defenses could not succeed under any circumstances." *Mendez v. Jarden Corp.*, No. 10-80966-CIV, 2011 WL 13227824, at *1 (S.D. Fla. June 29, 2011) (internal citation omitted).

An affirmative defense is insufficient as a matter of law if it appears that the defendant cannot succeed under any set of facts that it could prove. *Equal Emp't Opportunity Comm'n v. First Nat'l Bank*, 614 F.2d 1004, 1008 (5th Cir. 1980); *Openshaw v. Cohen, Klingstein, & Marks, Inc.*, 320 F. Supp. 2d 357, 364 (D. Md. 2004). An affirmative defense may be insufficient if: 1) on the face of the pleadings it is patently frivolous, or 2) it is clearly invalid as a matter of law. *Exhibit Icons, LLC v. XP Cos., LLC*, 609 F. Supp. 2d 1282, 1299 (S.D. Fla. 2009). However, where a defense puts into issue relevant and substantial legal and factual questions, it is

Schmich's Complaint. The Court will refer to all affirmative defenses by the numbering identified in the Answer and Affirmative Defenses to Complaint ("Answer to EEOC") (ECF No. 28).

sufficient and may survive a motion to strike, particularly when there is no showing

of prejudice to the movant. *Augustus v. Bd. of Pub. Instruction of Escambia County,*

*Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).

### a.  Affirmative Defense 1: Failure to Conciliate

Defendant's first affirmative defense states:

> The EEOC lacks standing to pursue its claim because of its failure to conciliate prior to filing this lawsuit. Despite overwhelming and unrebutted documentary evidence demonstrating that no violations of the Equal Pay Act or Title VII ever occurred, the EEOC erroneously concluded (in its Letter of Determination dated March 5, 2019) that there was "reasonable cause" to believe that the University had violated the Equal Pay Act and Title VII visà-vis Dr. Davidson Schmich. By letter dated March 20, 2019, the University responded to the EEOC's Letter of Determination to request that the EEOC reconsider its decision in light of the evidence summarized therein. Without even responding to the University's letter or addressing the matters raised therein, the EEOC - - two days later - - issued a Notice of Failure of Conciliation. Under these facts, the EEOC breached its statutory/legal obligations to conciliate in good faith. That failure bars the EEOC from bringing this lawsuit.

(ECF No. 28 at 7). Plaintiffs aver that this defense should be stricken for two reasons:

first, that it is not a defense because if a court decides that the EEOC failed to

conciliate, the appropriate remedy is only a stay of the proceedings. Second, Plaintiffs

contend that it relies on an erroneous good-faith standard for conciliation.

Defendant maintains that it is a proper affirmative defense because the

appropriate remedy is to order the EEOC to undertake the mandated efforts and stay

the lawsuit. Defendant avers that therefore, the EEOC's failure to conciliate goes

directly to the EEOC's ability to maintain and pursue its claim. Additionally,

Defendant avers that the EEOC must make a good faith effort to conciliate, because

allowing the EEOC to conciliate in bad faith would be nonsensical.

Finally, in reply, Plaintiffs argue that the Supreme Court rejected a good faith standard and that all that is required is that the EEOC attempt to conciliate, but the law recognizes no requirement that it conciliate in good faith.

### i.    Conciliation

Before filling suit against an employer alleging work-place discrimination, the EEOC must first try to remedy the illegal practice through informal conciliation. 42 U.S.C. § 2000e-5(b); *Mach Mining, LLC. v. E.E.O.C.*, 575 U.S. 480, 482-83 (2015). "A sworn affidavit from the EEOC stating that it has performed [its pre-suit] obligations [] but that its efforts have failed will usually suffice to show that it has met the conciliation requirement." *Id* at 494. A defendant may then come forward with its own evidence, in the form of an affidavit or otherwise, demonstrating "the EEOC did not provide the requisite information about the charge or attempt to engage in a discussion about conciliating the claim." *Id.* If the defendant produces this evidence, the court "must conduct the fact-finding necessary to decide that limited dispute." *Id.*; *see also E.E.O.C. v. AutoZone, Inc.* 141 F. Supp. 3d 912, 915-16 (N.D. Ill. 2015), *as amended* (Nov. 4, 2015) (the court conducts limited fact-finding to determine whether the EEOC conducted pre-suit investigation and conciliation); *E.E.O.C. v. OhioHealth Corp.*, 115 F. Supp. 3d 895, 897 (S.D. Ohio 2015) (same); *E.E.O.C. v. GNLV Corp.*, No. 2:06-CV-01225-RCJ, 2015 WL 3467092, at *7 (D. Nev. June 1, 2015) (same). "Should the court find in favor of the employer, the appropriate remedy is to order the EEOC to undertake the mandated effort to obtain voluntary compliance." *Mach Mining*, 575

U.S. at 495 (citing § 2000e-5(f)(1)) (which authorizes a stay to accomplish the purpose of conciliation). Plaintiffs' Motion relies on two theories, that the defense in itself is improper as an affirmative defense and that Defendant articulates an erroneous good-faith standard.

Federal Rule of Civil Procedure 8(c) states, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense," and includes eighteen affirmative defenses that the rules identify. Although failure to conciliate is not listed among the eighteen defenses, nothing in the language of Rule 8(c) purports to limit what may be pled as an affirmative defense. *See Muschong v. Millennium Physician Group*, LLC, 2:13-CV-705-FTM-38CM, 2014 WL 3341142, at *3 (M.D. Fla. July 8, 2014) (citing *Ramnarine v. CP RE Holdco 2009-1, LLC*, 12-61716-CIV, 2013 WL 1788503, at *4 (S.D. Fla. Apr. 26, 2013)). Furthermore, motions to strike should not be used to obtain a summary adjudication on the merits. *See Achievement & Rehab. Centers, Inc. v. City of Lauderhill*, 12-61628-CIV, 2012 WL 6061762, at *1 (S.D. Fla. Dec. 6, 2012).

Moreover, numerous courts have allowed failure to conciliate to be pled as an affirmative defense. *See e.g. U.S. Equal Employment Opportunity Comm'n v. A & F Fire Prot. Co., Inc.*, CV174745DRHARL, 2018 WL 7252950, at *4 (E.D.N.Y. Dec. 13, 2018), *report and recommendation adopted,* 17CV4745DRHARL, 2019 WL 482201 (E.D.N.Y. Feb. 7, 2019); *E.E.O.C. v. Dart Container Corp.*, No. CV 08-5535, 2016 WL 320586, at *5 (E.D. Pa. Jan. 27, 2016) ("failure to conciliate is an affirmative defense, and affirmative defenses may be waived when a defendant fails to raise it in a

responsive pleading or by filing an appropriate motion").

Plaintiffs note that at least one court in this District has granted a motion to strike a defendant's affirmative defense asserting that the EEOC's claims were barred by its failure to conciliate. *See EEOC v. Darden Restaurants, Inc.*, No. 15-20561-CIV, 2016 WL 9488709, at \*3 (S.D. Fla. June 1, 2016). The Hon. Joan A. Lenard reasoned that because the remedy for failure to conciliate would be an order staying the proceeding, but would not defeat the EEOC's claims, it does not qualify as an "affirmative defense." The Court need not here decide whether it is a proper affirmative defense or not because, even assuming that failure to conciliate does not technically meet the definition of an affirmative defense, it may still be viewed as a type of denial. The proper remedy when a party mistakenly labels a denial as an affirmative defense is not to strike the claim but instead to treat it as a specific denial. *See Lugo v. Cocozella, LLC*, 12-80825-CIV, 2012 WL 5986775, at \*1 (S.D. Fla. Nov. 29, 2012) (citation omitted).

Whether regarded as a specific denial or an affirmative defense, Defendant's invocation of EEOC's failure to conciliate still "serve[s] the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant intends to assert against Plaintiff's claims." *Inlet Harbor Receivers, Inc. v. Fid. Nat. Prop. & Cas. Ins. Co.*, 608-CV-346-ORL-19DAB, 2008 WL 3200691, at \*1 (M.D. Fla. Aug. 6, 2008). At this point, whether Defendant's conciliation theory is regarded as a denial or an affirmative defense does not affect how the parties will proceed, as a practical matter, because the extent to which this defense is viable or not is best decided in another

setting, that is either at summary judgment or through a motion to stay the case pending conciliation.

Even if the failure to conciliate is treated as a general denial and not an affirmative defense, the proper course is to treat it as such, unless it would prejudice the plaintiff. *Id.* EEOC and Dr. Davidson-Schmich have identified no prejudice that they would suffer should the motion to strike be denied. Further, because further factual development needs to be conducted before this denial may be properly addressed (i.e. through the submission of affidavits as contemplated in *Mach Mining*) and adjudicated, the Court need not decide here if the steps allegedly taken by EEOC, Compl. (ECF No. 1 at ¶¶ 14, 15), were sufficient to satisfy its statutory requirement or by what standard that will ultimately be assessed. *See, e.g. E.E.O.C. v. Fla. Commercial Sec. Servs., Corp.*, No. 13-20465-CIV, 2014 WL 4771887, at *20 (S.D. Fla. Sept. 24, 2014) (granting summary judgment on evidence of EEOC's effort to conciliate that satisfied its burden to do so, without resolving whether failure to conciliate constitutes an "actual affirmative defense").

As such, the undersigned recommends that Affirmative Defense No. 1 not be stricken, and the Motion to Strike be DENIED.

### b. Affirmative Defense No. 2

Defendant's Affirmative Defense No. 2 states as follows:

The EEOC's and Dr. Davidson-Schmich's claims are time-barred, in whole or in part, by the statute of limitations. Based on the allegations of the Complaint, the alleged violations of the Equal Pay Act and Title VII have been ongoing since 2007. Yet, this lawsuit was not brought until July 29, 2019. Equal Pay Act claims are subject, at most, to a three-year statute of limitations. Title VII claims are subject, at most, to a 300-

day statute of limitations. Accordingly, any claims (or portions thereof) that fall outside of the statute of limitations are time-barred.

(ECF No. 28 at 7). Plaintiffs aver that this affirmative defense is invalid as a matter of law because Title VII contains no statute of limitations and because the unequal pay violations alleged in this case under the Equal Pay Act ("EPA") and Title VII constitute a continuing violation. Plaintiffs therefore contend that because these are continuing violations, neither the EPA nor Title VII claims are time-barred.

Defendant first disputes that Title VII lacks a statute of limitations, noting that in Florida a plaintiff must file a charge of discrimination with the EEOC within 300 days of the discriminatory act, at the latest. It therefore claims that Title VII claims have a 300-day statute of limitation. Defendant also argues that the continuing violation doctrine, which permits a plaintiff in certain circumstances to rely on unlawful acts that occurred outside the limitation period when the effects of such act occur inside the limitations period, does not negate its assertion of the statute of limitations defense.

### i. Title VII Statute of Limitations

The Eleventh Circuit has referred to the administrative 300-day period as a statute of limitations. *See Ramon v. AT & T Broadband*, 195 Fed. Appx. 860, 866 (11th Cir. 2006) ("The Supreme Court has recognized that Title VII's *statute of limitations* for filing EEOC charges works differently for disparate treatment and hostile environment cases.") (internal citation omitted) (emphasis added); *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1393 (11th Cir. 1998) ("Their claims are

9

therefore barred by the *administrative statute of limitations* and by the requirement that a prospective plaintiff file a timely charge of discrimination with the EEOC prior to suit in federal court.") (emphasis added); *see also Drayton v. W. Auto Supply Co.,* No. 01-10415, 2002 WL 32508918, at *4 (11th Cir. Mar. 11, 2002) ("Title VII's *statute of limitations* does not start to run until a plaintiff knew or reasonably should have known that she was discriminated against.") (emphasis added) (quoting *Carter v. W. Publ'g Co.,* 225 F.3d 1258, 1265 (11th Cir 2000)). While Plaintiffs contend in their reply that these cases do not substantively address statute of limitations as an affirmative defense, they do concede that there is an administrative 300-day period within which the claim must be filed. As stated above, striking an affirmative defense is "a drastic remedy that is generally disfavored and motions to strike affirmative defenses should be denied unless it is clear that the defenses could not succeed under any circumstances." *Mendez,* 2011 WL 13227824, at *1. Therefore, the undersigned does not recommend striking this affirmative defense because it refers to the 300-day period as a statute of limitations.

### ii.    Continuing Violation Doctrine

Plaintiffs also aver that this affirmative defense should be stricken because Plaintiff-Intervenor remains employed by Defendant and each paycheck she receives constitutes a continuing violation, which Plaintiffs allege allows Dr. Davidson-Schmich to seek damages dating back to the first alleged act discrimination, in 2007.

Plaintiffs theory rests on an application of the continuing violation doctrine. "The theory of continuing violations has been applied consistently to actions under

the Equal Pay Act. The Eleventh Circuit has long held that sex based, discriminatory wage payments constitute a continuing violation of the Equal Pay Act." *Mitchell v. Jefferson County Bd. of Educ.*, 936 F.2d 539, 548 (11th Cir. 1991) (internal marks and citation omitted). The continuing violation doctrine allows a plaintiff to bring an otherwise time-barred claim when additional violations of law occur within the statutory period. *See Betts v. Hall*, 679 Fed. Appx. 810, 812 (11th Cir. 2017).

Plaintiffs' assertion of the doctrine does not, as a matter of law, defeat Defendant's assertion of the defense as a barrier to an award of damages for violations beyond the statute of limitations. *See Knight v. Columbus, Ga.*, 19 F.3d 579, 582 (11th Cir. 1994) ("The term 'continuing violation' also implies that there is but one incessant violation and that the plaintiffs should be able to recover for the entire duration of the violation, without regard to the fact that it began outside the statute of limitations window. That is not the case."); *Shiver v. Career Consultants, Inc.*, 142 F. Supp. 3d 1191, 1196 (M.D. Ala. 2015) ("where there is a continuing violation, plaintiffs can recover for any violations for which the statute of limitations has *not expired*.") (internal emphasis added) (citing *Scroggins v. Troy Univ.*, No. 2:13cv63-CSC, 2014 WL 766315, at *5 (M.D. Ala. Feb. 26, 2014)); *see also Goodwin v. Gen. Motors Corp.*, 275 F.3d 1005, 1011 (10th Cir. 2002) ("There is, however, a limitation on the relief that [plaintiff] may obtain should she succeed in proving her charge of discrimination at trial. Title VII permits the recovery of back pay for a period no longer than two years before the filing of the charge of discrimination.").

Furthermore, Plaintiffs will bear the burden to prove that the continuing

11

violation doctrine or equitable tolling will apply. *See Betts,* 679 Fed. Appx. at 813. As such, at this procedural posture it would be inappropriate to strike Affirmative Defense No. 2.

The Court does not here determine whether Plaintiffs claims are a continuing violation, nor does it find that Plaintiffs may seek damages dating back to 2007, rather at this posture on the face of the pleadings the affirmative defense is not patently frivolous, nor is it clearly invalid as a matter of law. *See Exhibit Icons, LLC v. XP Cos., LLC*, 609 F. Supp. 2d 1282, 1299 (S.D. Fla. 2009).

Accordingly, the undersigned recommends that Plaintiffs' Motion to Strike Affirmative Defense Number 2 be DENIED.

### c. Affirmative Defense No. 3

Defendant's Affirmative Defense No. 3 states:

> Dr. Davidson-Schmich failed to exhaust her administrative remedies for a portion of her claims. Prior to bringing a lawsuit under Title VII, a plaintiff must exhaust her administrative remedies by timely filing a Charge of Discrimination with the EEOC within 300 days of the alleged unlawful act. Based on the allegations of the complaint, the alleged violations of Title VII have been ongoing since 2007. However, Dr. Davidson-Schmich did not file a Charge of Discrimination with the EEOC until June 5, 2018. Accordingly, any alleged violations that occurred more than 300 days prior to the filing of her EEOC Charge are time-barred[.]

(ECF No. 28 at 7-8).

The statutes on which Plaintiffs bring these claims require exhaustion of administrative remedies. *See H&R Block E. Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010.) Failure to do so bars a plaintiff's employment discrimination claim. The Parties do not dispute that failure to exhaust administrative remedies is

a proper affirmative defense. Rather, Plaintiffs aver that because these are ongoing violations, and that the proceedings were initiated within 300-days of Dr. Davidson-Schmich receiving a discriminatory paycheck, the defense should be stricken, and Plaintiffs should be able to claim damages back to 2007. However, as stated above, Plaintiffs bear the burden of demonstrating that the continuing violation doctrine and equitable tolling apply, *see Betts*, 679 Fed. Appx. at 813, and it is not clearly an error of law for Defendant to challenge Plaintiffs' application of the continuing violation doctrine to satisfy Plaintiffs' exhaustion requirement for her claim. *See supra* Part II.b.ii.

Accordingly, the undersigned recommends that Plaintiffs Motion to the extent it seeks to strike Affirmative Defense No. 3 be DENIED.

### d. Affirmative Defense No. 5

Defendant's Affirmative Defense No. 5 states:

> The EEOC and Dr. Davidson-Schmich cannot state a claim under the Equal Pay Act because she and her only identified male comparator, Dr. Koger, do not perform equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. Among other things, Drs. Davidson-Schmich and Dr. Koger do not (1) perform the same job duties at the University; (2) teach the same classes; (3) research in the same fields of study; or (4) publish their work in the same publications.

(ECF No. 28 at 8). Plaintiffs aver that this affirmative defense should be stricken because it is duplicative of the argument raised by Defendant in its Motion to Dismiss, which this Court already denied.

Defendant avers that courts have expressly rejected the argument that denial of a motion to dismiss for failure to state a claim precludes a defendant from asserting

an affirmative defense based on the same. Defendant cites to *Nextrade Holdings, Inc. v. Phila. Stock Exch., Inc.*, 8:06-CV-1040-T-26MSS, 2006 WL 8440186, at \*1 (M.D. Fla. Oct. 12, 2006), for the proposition that an affirmative defense for failure to state a cause of action should not be stricken based on the denial of a motion to dismiss because the pleading standard is "exceedingly low." However, this case was decided before the pleading standard was raised by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which raised the pleading standard.

Both Parties cite to *Bluewater Trading LLC v. Willmar USA, Inc.*, No. 07-61284-CIV, 2008 WL 4179861 (S.D. Fla. Sept 9, 2008). Plaintiffs claim that *Bluewater* stands for the proposition that a court should strike an affirmative defense where the court already rejected the defense in ruling on a motion to dismiss. Defendant claims that *Bluewater* should not be read as such because the court in that case specifically denied the plaintiff's motion to strike the affirmative defense of failure to state a claim. While the court in *Bluewater* did strike an affirmative defense because it had already considered the argument in the defendant's motion to dismiss, and rejected the argument, the court also considered an affirmative defense for failure to state a claim, which it did not strike. The court there found that the statement was not an affirmative defense, because it alleged a defect in the plaintiff's *prima facie* case. *Id*. As such, it did not strike the statement but treated it as a specific denial.

Likewise here, Defendant's Affirmative Defense No. 5 does not state an affirmative defense, that is "one that admits to the complaint, but avoids liability,

14

wholly or partly by new allegations of excuse, justification or other negating matters." *Id.* (citing *Royal Palm Sav. Ass'n v. Pine Trance Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989)). Instead, it states that Plaintiffs' Complaints fail on the facts alleged. Therefore, it is a denial of Plaintiffs' claims. When this occurs, the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial. *Home Management Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007); *Philadelphia Indem. Ins. Co. v. Florida Mem'l Univ.*, 17-CIV-21133, 2018 WL 1876739, at *3 (S.D. Fla. Jan. 9, 2018), *report and recommendation adopted sub nom. Philadelphia Indem. Ins. v. Florida Mem'l Univ.*, 17-21133-CIV, 2018 WL 1875626 (S.D. Fla. Mar. 9, 2018) (holding that affirmative defenses deemed specific denials should not be stricken).

To the extent Plaintiffs contend the Court's Order on the Motion to Dismiss was intended to preclude Defendant from raising this specific defense, the Court expressly recognized otherwise in concluding that "[a]ny other potential differences between the professors' work can be developed by the Defendant during discovery and presented at summary judgment." (ECF No. 25 at 5). Striking the affirmative defense would not allow such a presentation at summary judgment.

Accordingly, the undersigned recommends treating this affirmative defense as a specific denial and not striking it.

### III.    CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Motion to Strike Certain of Defendant's Affirmative Defenses be **DENIED.**

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days to serve and file written objections, if any, with the Honorable Robert N. Scola, United States District Judge. Failure to file objections by that date shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017).

**RESPECTFULLY SUBMITED** in Chambers, this 22nd day of May, 2020.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE