**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-23131-CIV-SCOLA/LOUIS**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

  Plaintiff,

&

LOUISE DAVIDSON-SCHMICH,

  Plaintiff-Intervenor,
v.

UNIVERSITY OF MIAMI,

  Defendant.
_____/

## ORDER

  **THIS CAUSE** is before the Court on Plaintiff Equal Employment Opportunity Commission's ("EEOC" or "Plaintiff") Third Motion to Compel (ECF No. 68). A discovery hearing was held on the Motion on October 15, 2020. This Order succinctly memorializes but does not alter the rulings made in open court.

  In its Third Motion to Compel, the EEOC seeks discovery regarding starting salaries offered to tenured or tenure-track faculty from the College of Arts and Sciences from 2008-2020 and from the School of Business from 1999-2008, including documents revealing how starting salaries were set, as well as documents sufficient to determine the rank, department, length of appointment, sex, educational background, experience, teaching load, administrative appointments, and salary of each faculty member as well as other benefits offered. The EEOC further seeks to compel discovery on annual salary increases limited to tenure-track Political

1

Science faculty from 1999-2020, including qualitative and quantitative assessments, evaluations, information about retention offers, tenure, promotions, sabbaticals, and administrative assignments.

The EEOC contends it needs the data in order to create enough of a market pool to test the explanations advanced by Defendant UM for setting the challenged salaries of Plaintiff-Intervenor, the alleged comparator, and a third professor identified as comparably situated to the Plaintiff-Intervenor. It is averred that Defendant has answered and explained its processes for determining starting salary and salary increases for its professors, and the data Plaintiff seeks might enable them to test whether Defendant's salary decisions were truly reflective of the factors it claims to have considered, including experience, publications by the professor, and other professional metrics. Counsel for Plaintiff contends that the Defendant already prepares reports containing the sought-after information ("Faculty Salary Analysis Spreadsheets") in its regular course of business, a few of which have already been produced by Defendant in redacted form. Defendant denies that such Spreadsheets exist for all of the years sought.

Plaintiff's Motion is **GRANTED, in part**. The information Plaintiff seeks exceeds that which is relevant to their claims. The proffered relevance of the expansive data sought by Plaintiff is to test the accuracy of Defendant's averred process—meaning, the data would enable Plaintiff to see if the results Defendant reached in salary decisions were supported. This fails to take into account what information Defendant actually considered in making salary increase decisions, nor is it remotely tailored to discovering the salary increase decisions of the professors at issue in this case. Notwithstanding, Defendant's explanation for determining those contested salaries puts at issue *some* of the information Plaintiff now seeks and, proportional to the needs of the case, Defendant has been ordered to supplement its responses, as follows.

Defendant shall produce existing Faculty Salary Analysis Spreadsheets without redactions. Defendant shall further produce starting salary information for Political Science faculty, including any documents or information Defendant utilized in making those starting salary decisions, for the years of 1999, 2000 and 2007. Lastly, to the extent that additional studies have been undertaken by Defendant regarding or including faculty salary analysis that have not been produced, other than the Faculty Salary Analysis Spreadsheets, these additional studies must be reviewed by Defendant to ensure there is no unique information regarding the Political Science faculty to be produced.

The Court further finds, pursuant to Fed. R. Civ. P. 37(a)(5)(A)(ii), that no award of fees is warranted. Defendant's objections to the EEOC's requests were substantially justified, though overruled in part. Moreover, the Parties' good faith efforts to resolve the dispute without Court intervention meaningfully narrowed the dispute. Accordingly, I find that no shifting of fees incurred in bringing this Motion is warranted.

**DONE** and **ORDERED** in Chambers, in Miami, Florida, this 2nd day of November, 2020.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE