**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 19-23131-Civ-SCOLA/LOUIS**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

      Plaintiff,

&

LOUISE DAVIDSON-SCHMICH,

      Plaintiff-Intervenor,

vs.

UNIVERSITY OF MIAMI,

      Defendant.

_____/

## PLAINTIFF EEOC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), moves for partial summary judgment as to Defendant University of Miami's ("Defendant") Affirmative Defenses 1, 4, and 8.

### INTRODUCTION

Defendant's affirmative defenses alleging failure to conciliate (Affirmative Defense No. 1), laches (Affirmative Defense No. 4), and failure to mitigate damages (Affirmative Defense No. 8) all fail as a matter of law and/or because there is no genuine dispute of material fact. First, Defendant concedes that EEOC satisfied the conciliation requirements set forth by the United States Supreme Court in *Mach Mining, LLC v. EEOC*, 575 U.S. 489 (2015)*.* Indeed, there is no factual dispute that EEOC (1) notified Defendant of the specific allegations against it in the Letter of Determination and (2) attempted to engage Defendant in discussions to remedy the violation. Second, laches generally do not apply to actions brought by the government in the public interest, and there is no factual dispute about the timeliness of the EEOC charge and suit here that would warrant laches being applied. Third, Davidson-Schmich is under no duty to mitigate in this action, and even if she were, there is no evidence to support this defense. As

such, and as further demonstrated below, EEOC is entitled to summary judgment as to Defendant's Affirmative Defenses Nos. 1, 4, and 8.

## FACTUAL BACKGROUND

Dr. Louise Davidson-Schmich ("Davidson-Schmich"), a current University of Miami Professor of Political Science, was hired by Defendant as a tenure-track Assistant Professor in 2000. EEOC's Statement of Facts ("SOF"), filed at ECF No. 80, ¶1. On May 14, 2018, Davidson-Schmich received an email from the Chair of the Political Science department disclosing annual salaries for other Political Science faculty. SOF ¶2. This was the first time Davidson-Schmich learned the salary of other Political Science faculty, including that of Dr. Gregory Koger, a male professor alleged to be Davidson-Schmich's comparator in this action. SOF ¶¶3-4.

Davidson-Schmich filed a Charge of Discrimination ("Charge") with the EEOC on June 5, 2018. SOF ¶5. In her Charge, Davidson-Schmich alleged that she was being paid less for equal work than a male comparator within her department who had been promoted at the same time. SOF ¶6. EEOC notified Defendant of Davidson-Schmich's Charge on June 8, 2018. SOF ¶7.

EEOC investigated Dr. Davidson-Schmich's Charge. SOF ¶¶8-10. Following EEOC's administrative investigation, EEOC issued a Letter of Determination on March 5, 2019. SOF ¶11. EEOC found reasonable cause to believe that Defendant violated Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1963 by paying her less than male co-workers who performed substantially similar work. *Id.* In the Letter of Determination, EEOC invited the parties to engage in a conciliation process to voluntarily remedy the violations at issue. *Id.* EEOC's privilege log reflects communications between the EEOC and Defendant during the conciliation period—on March 19 and on March 20, 2019—after the EEOC's Letter of Determination was issued. SOF ¶13.  In its Answer, Defendant admits that it received the March 5, 2019 Letter of Determination and admits to providing a written response dated March 20, 2019. SOF ¶12. Through its invitation to conciliate and subsequent correspondence EEOC attempted to conciliate the matter, however, following Defendant's March 20th response, EEOC determined that efforts to conciliate the Charge were unsuccessful and notified the parties that conciliation had failed. SOF ¶14-15.

On July 29, 2019, EEOC initiated this action under Title VII of the Civil Rights Act of

1964, Title I of the Civil Rights Act of 1991, and the Equal Pay Act of 1963. SOF ¶16. EEOC alleged that Defendant discriminated against Davidson-Schmich by paying her less than a male counterpart for performing equal and/or similar work, and named Dr. Gregory Koger as a comparator. *Id.* EEOC's suit mirrors the violations outline in its Letter of Determination. SOF ¶17.  Davidson-Schmich intervened in this action on October 2, 2019 and filed a Complaint bringing the same allegations as EEOC's Complaint. SOF ¶18.

Defendant filed an Answer and Affirmative Defenses in response to EEOC's Complaint and to Plaintiff-Intervenor's Complaint. SOF ¶19. EEOC moves for partial summary judgment as to Defendant's Affirmative Defenses to EEOC's Complaint Nos. 1, 4, and 8.

## DISCUSSION

A.    Summary Judgment Standard

"Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Scott v. Sarasota Doctors Hosp., Inc.,* 145 F. Supp. 3d 1114, 1122 (M.D. Fla. 2015), *aff'd,* 688 Fed. Appx. 878 (11th Cir. 2017) (citing Fed. R. Civ. P. 56(c)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; the requirement is that there be no genuine issue of material fact." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The substantive law applicable to the claimed causes of action will identify which facts are material. Throughout its analysis, the Court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor." *Id.* (citations omitted). Summary judgment is mandated against the non-moving party who fails to establish a genuine issue of fact for trial. *Celotex,* 477 U.S. at 322, 324–25.

Partial summary judgment may be granted on affirmative defenses. *Eli Research, LLC v. Must Have Info Inc.*, 2:13-CV-695-FTM-38CM, 2015 WL 5934632, at *2 (M.D. Fla. Oct. 6, 2015); *Tingley Systems, Inc. v. HealthLink, Inc.,* 509 F.Supp.2d 1209, 1218 (M.D. Fla. 2007) (citing *Int'l Ship Repair and Marine Servs., Inc. v. St. Paul Fire and Marine Ins. Co.,* 944 F. Supp. 886, 891 (M.D. Fla. 1996)). In order to prevail, the plaintiff must demonstrate that the defendant cannot maintain the defenses by a preponderance of the evidence. *Tingley,* 509 F. Supp. 2d at 1218.

3

B.    Summary Judgment Should be Granted as to Affirmative Defense No. 1 (Failure to Conciliate)

      1.    *EEOC is Entitled to Summary Judgment as to Affirmative Defense No. 1 (Failure to Conciliate) Because This Defense Does Not Exist Under the Law.*

As its first affirmative defense, Defendant alleges that:

> EEOC lacks standing to pursue its claim because of its failure to conciliate prior to filing this lawsuit. Despite overwhelming and unrebutted documentary evidence demonstrating that no violations of the Equal Pay Act or Title VII ever occurred, the EEOC erroneously concluded (in its Letter of Determination dated March 5, 2019) that there was "reasonable cause" to believe that the University had violated the Equal Pay Act and Title VII vis-à-vis Dr. Davidson-Schmich. By letter dated March 20, 2019, the University responded to the EEOC's Letter of Determination to request that the EEOC reconsider its decision in light of the evidence summarized therein. Without even responding to the University's letter or addressing the matters raised therein, the EEOC - - two days later - - issued a Notice of Failure of Conciliation. Under these facts, the EEOC breached its statutory/legal obligations to conciliate in good faith. That failure bars the EEOC bringing this lawsuit.

ECF No. 28, at 7.

      "An affirmative defense is a defense which admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Meth Lab Cleanup, LLC v. Spaulding Decon, LLC,* 2015 WL 4496193, *7 (M.D. Fla. July 23, 2015) (citing *Losada v. Norwegian (Bahamas) Ltd.,* 296 F.R.D. 688, 690 (S.D. Fla. 2013) (internal marks omitted)). To qualify as an affirmative defense, the defense must raise facts which will limit or defeat plaintiff's ability to recover. *EEOC v. Darden Rest., Inc.,* No. 15-20561-CIV, 2016 WL 9488709, *3 (S.D. Fla. June 1, 2016) *citing United States v. Hempfling,* No. CVF05-594LJOSMS, 2007 WL 1299262, at *5 (E.D. Cal. May 1, 2007) ("[A] defense is an affirmative defense if it will defeat a plaintiff's claim even when the plaintiff has stated a prima facie case for recovery under the applicable law."); *see also Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, No. 8:14-CV-3129-T-30TBM, 2015 WL 4496193, at *8 (M.D. Fla. July 23, 2015) (an affirmative defense is an "additional set of facts that bars recovery notwithstanding the plaintiffs valid prima facie case."); *Ring v. Bd. of Educ. Cmty. Sch. Dist. No. 60*, No. 03 C 7397, 2004 WL 1687009, at *2 (N.D. Ill. July 27, 2004) ("In answering a complaint and asserting affirmative defenses under Fed. R. Civ. P. 8(c), a defendant concedes that the complaint states a claim, but contends that other facts nonetheless defeat recovery."). Because the remedy to inadequate conciliation is an order staying the case and

requiring the parties to conciliate, *see EEOC v. Blinded Veterans Ass'n*, 128 F. Supp. 3d 33, 42 (D.D.C. 2015) (citing *Mach Mining v. EEOC*, 135 S. Ct. 1645, 1651 (2015)), failure to conciliate is not an affirmative defense because, even if the EEOC failed to conciliate, this fact would not defeat EEOC's claims. *EEOC v. Darden Rest.*, 2016 WL 9488709, at *3 (striking conciliation defense from defendant's answer). As a result, EEOC is entitled to summary judgment as to Defendant's Affirmative Defense No. 1 (Failure to Conciliate).

> 2.  *Even if it Were Considered an Affirmative Defense, EEOC is Entitled to Summary Judgment Because Defendant Admits all Necessary Facts to Demonstrate EEOC Satisfied the Conciliation Requirements Set Forth in Mach Mining.*

EEOC is further entitled to summary judgment in this affirmative defense because no genuine disputes of material fact exist concerning EEOC's compliance with its statutory requirements.

The Supreme Court has settled that the appropriate scope of judicial review of EEOC's conciliation efforts is limited to statutory compliance. *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 489 (2015) ("The appropriate scope of review enforces the statute's requirements . . . but goes no further."). The Court further emphasized that "the scope of that review is narrow, thus recognizing EEOC's extensive discretion to determine the kind and amount of communication with an employer appropriate in any given case." *Id.* at 483. "Congress granted the EEOC discretion over the pace and duration of conciliation efforts, the plasticity or firmness of its negotiating positions, and the content of its demands for relief." *Id.* at 492. "For a court to assess any of those choices . . . is not to enforce the law Congress wrote, but to impose extra procedural requirements. Such judicial review extends too far." *Id*. Instead, the Court held that reviewing courts may ask only:

> (1) whether the Commission informed the employer about the "specific allegation by "describ[ing] both what the employer has done and which employees (or what class of employees) have suffered as a result" which the Court states is typically done through the agency's determination of reasonable cause; and
>
> (2) whether the Commission "tr[ied] to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice."

*Id*. at 494. "A sworn affidavit from the [EEOC] stating that it has performed conciliation obligations but that its efforts have failed will usually suffice to show that it has met the conciliation requirement." *Id*. And, *Mach Mining*, 575 U.S. 480, 495, made clear that only an

employer's assertion that "the EEOC did not provide the requisite information about the charge or attempt to engage in a discussion about conciliating the claim," will raise a factual dispute of whether or not conciliation occurred.

Here, EEOC easily satisfies *Mach Mining*. In fact, Defendant defeats this "affirmative defense" by the very facts it admits as undisputed in its Answer. Defendant admits to receiving the EEOC issued a Letter of Determination to Defendant on March 5, 2019, which specified the allegations against Defendant. SOF ¶¶11-12. Defendant also admits to corresponding with the EEOC after receiving the Letter of Determination and before the EEOC issued the notice of conciliation failure, during which time EEOC attempted to engage in conciliation efforts. SOF ¶¶12-14.  *See also EEOC v. Harrison Poultry, Inc.*, No. 2:14-CV-00227WCOJCF, 2016 WL 8309666, at *1 and n.2 (N.D. Ga. Aug. 3, 2016) (denying employer's motion for summary judgment based on deficient conciliation noting that the EEOC's letter of determination, coupled with evidence of conciliation communications was sufficient and the "oddity" of defendant's "counsel denied any interest in pursuing conciliation" and "then tenaciously pursuing an argument that the other party somehow failed its duty").

Any attempts by Defendant to submit the content and substance of the conciliation process to judicial review, which Defendant does in the text of its "affirmative defense," are improper and have been soundly rejected by courts. *See EEOC v. Blinded Veterans Ass'n*, 128 F. Supp. 3d 33, 44 (D.D.C. 2015) ("[The employer's] invitation for the Court to place itself in the shoes of the negotiating parties, to assess how particular proposals should have been understood, . . . and to evaluate whether the EEOC ended the conciliation process [too] abruptly vastly exceeds the type of review contemplated by Mach Mining."); *R.I. Comm'n, for Human Rights v. Graul*, 120 F. Supp. 3d 110, 121 n.15 (D.R.I. 2015) ("I]t is crystal clear that… the 'kind and extent of [conciliation] discussions' are solely within the discretion of the agency, not subject to judicial scrutiny."); *EEOC v. Lawler Foods*, Inc., No. 4:14-CV-03588, 2015 WL 8457816, at *3 n.1 (S.D. Tex. Dec. 4, 2015) ("*Mach Mining* simply leaves no room for judicial review of the reasonableness and flexibility of the EEOC's conciliatory communications."); *EEOC v. Dimensions Healthcare Sys.*, 188 F. Supp. 3d 517, 522 (D. Md. 2016) (granting summary judgment on failure to conciliate defense and striking from the record Defendant's attempts to reveal what was said or done during conciliation to support its argument).

The only record facts Defendant has asserted in support of this failure to conciliate

defense are ones pertaining to Defendant's beliefs about the reasonable cause finding itself, not whether or not Defendant received notice of it.  For example, Defendant stated that there was "overwhelming and unrebutted documentary evidence demonstrating that no violations of the Equal Pay Act or Title VII ever occurred" and that the EEOC's findings are "inaccurate, flawed and biased."  SOF ¶12.  However, these facts are irrelevant to challenge the EEOC's obligation to conciliate because only an employer's assertion that "the EEOC did not provide the requisite information about the charge or attempt to engage in a discussion about conciliating the claim" will raise a factual dispute of whether or not conciliation occurred. *Mach Mining*, 575 U.S. 480, 495.

Additionally, Defendant's affirmative defense would require this Court to review and consider the substance of communications that are confidential under Title VII, 42 U.S.C. § 20003-5(b), something that *Mach Mining* reiterates is improper and which other courts have refused to do. *See Mach Mining*, 575 U.S. at 495 (rejecting employer's argument that court should review conciliation process because employer's "brand of review would also flout Title VII's protection of the confidentiality of conciliation efforts."); *EEOC v. W. Distrib. Co.*, 218 F. Supp. 3d 1231, 1237 (D. Colo. 2016) ("Despite *Mach Mining's* clear directive, Western Distributing would have me police the minutia of the EEOC's conciliation efforts. Western attaches numerous exhibits—many which I cannot consider because they are confidential under § 2000e–5(b), which prohibits disclosure of anything 'said or done during and as part of' the conciliation process—and argues the EEOC did not engage in conciliation in good faith."); *EEOC v. Brown-Thompson Gen. P'ship*, No. CIV-16-1142-R, 2017 WL 11448296, at *2 (W.D. Okla. Aug. 4, 2017) ("*Mach Mining* clearly dictates that contrary to Defendant's contentions, the submission of certain evidence to the Court in response to Plaintiff's Motion to Compel was in error and violated the non-disclosure provisions of § 2000e-5(b) . . . Defendant is prohibited from submitting any further materials that are confidential in violation of § 2000e- 5(b)."); *EEOC v. Phase 2 Investments Inc.*, No. CV JKB-17-2463, 2018 WL 826526, at *8 (D. Md. Feb. 12, 2018) ("Under *Mach Mining*, once a defendant has raised the argument that the EEOC failed to conciliate, a court must conduct the factfinding necessary to decide that limited dispute . . . So, even if Mister brought a failure to conciliate defense, that would not open the door to the introduction of all things said or done during conciliation."); *EEOC v. Dimensions Healthcare Sys.*, 188 F. Supp. 3d 517, 522 (D. Md. 2016) ("[Defendant] in essence argues that the EEOC did

not try in earnest to reach a resolution prior to litigating this case. To support its argument[,] Dimensions Healthcare submitted the affidavit of its counsel, Kraig B. Long, who provided certain details as to content of the conciliation process. Those details, however, are not only irrelevant to the scope of this Court's review under *Mach Mining*, but also violate the confidentiality provision of Title VII. *See* § 2000e–5(b)[…]. Accordingly, the Court will grant the EEOC's Motion to Strike those portions of Dimensions Healthcare's briefing and Long's affidavit which reveal some of what was 'said or done' during the conciliation process.").

For all of the above reasons, EEOC is entitled to summary judgment as to Defendant's Affirmative Defense No. 1.

C.      Summary Judgment Should be Granted as to Affirmative Defense No. 4 (Laches)

As its Affirmative Defense No. 4, Defendant alleges that: "EEOC's and Dr. Davidson-Schmich's claims are barred, in whole or in part, by the doctrine of laches." This defense fails as a matter of law and because there are no genuine issues of material fact to be decided.

First, "[i]t is well settled that the United States is not ... subject to the defense of laches in enforcing its rights." *United States v. Summerlin*, 310 U.S. 414, 416, 60 S. Ct. 1019, 1020, 84 L. Ed. 1283 (1940). "Accordingly, where, as in this case, a government agency brings an enforcement action to protect the public interest, laches is not a defense." *S.E.C. v. Silverman*, 328 F. App'x 601, 605 (11th Cir. 2009); *United States Commodity Futures Trading Comm'n v. Mintco LLC*, No. 15-CV-61960, 2016 WL 3944101, at *7 (S.D. Fla. May 17, 2016). In this lawsuit, because EEOC acts to enforce federal law and acts in the public interest, then the laches defense is invalid as a matter of law. *Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 325-26 (1980) ("[Section 706 of Title VII] accordingly expanded the EEOC's enforcement powers by authorizing the EEOC to bring a civil action in federal district court against private employers reasonably suspected of violating Title VII. In so doing, Congress sought to implement the public interest as well as to bring about more effective enforcement of private rights.").

Second, although the Eleventh Circuit recognizes "rare exceptions" where laches may apply to an enforcement action brought by a government agency, that is far from the case here. *See Mintco*, 2016 WL 3944101, at *7-8 (noting that "it has been contemplated that laches can be asserted against the government in certain, limited circumstances"); *EEOC v. Dresser Indus., Inc.*, 668 F.2d 1199, 1202 (11th Cir. 1982) ("To apply laches in a particular case, the court must

find both that the plaintiff delayed inexcusably in bringing the suit and that this delay unduly prejudiced defendants."). In this case there are no lengthy delays or lengthy times of inactivity seen in cases where a laches defense had some factual support. *E.g.*, *EEOC v. Autozone, Inc.*, 258 F. Supp. 2d 822, 827 (W.D. Tenn. 2003) (finding that delay of more than five years between charge filing and lawsuit, and twenty-two months between conciliation failure and lawsuit, could support laches defense, but denying motion to dismiss based on laches because defendant failed to show prejudice); *EEOC v. Timeless Invs., Inc.*, 734 F. Supp. 2d 1035, 1068 (E.D. Cal. 2010) (finding inexcusable delay supporting laches where "EEOC offers no explanation for why it waited over four years (50 months) [from charge filing] to bring suit on Rex's claim, why it waited just under four years (46 months) [from charge filing] to bring suit on Carlberg's claim, and why there is three years of apparent inactivity."). Here, neither Davidson-Schmich delayed in bringing her Charge nor did EEOC delay in bringing suit, and there is no evidence that Defendant was prejudiced by the timing of either. Davidson-Schmich filed an EEOC charge alleging pay discrimination within less than a month of learning of the pay disparity between her and other faculty in her department, including that of her comparator Dr. Gregory Koger. SOF ¶¶ 2-6. In turn, EEOC completed its investigation into Davidson-Schmich's charge in less than one year and filed the instant action approximately three months after the conclusion of the investigation. SOF ¶¶7-11. Under these circumstances, Defendant cannot maintain an affirmative defense of laches and summary judgment should be granted for EEOC.

D.    Summary Judgment Should be Granted as to Affirmative Defense No. 8 (Failure to Mitigate)

As its Affirmative Defense No. 8, Defendant alleges that "EEOC and Dr. Davidson-Schmich have failed to mitigate their alleged damages." ECF #28, at 9. Although not listed among the affirmative defenses enumerated in Federal Rule of Civil Procedure 8(c), the failure to mitigate damages is recognized as an affirmative defense in this Circuit. *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1286 (11th Cir. 2000), *citing NLRB v. Pilot Freight Carriers, Inc.,* 604 F.2d 375, 376 (5th Cir.1979). However, this affirmative defense in this case fails both as a matter of law and because there are no genuine issues of material fact to be decided.

First, failure to mitigate is not an affirmative defense to Equal Pay Act claims because "FLSA/Equal Pay Act claimants seeking unpaid wages are under no duty to mitigate damages." *Oulia v. Fla. Dep't of Transportation*, No. 18-25110-CV, 2020 WL 7427042, at *2 (S.D. Fla.

Jan. 30, 2020), *report and recommendation rejected on other grounds*, No. 18-25110-CIV, 2020 WL 2084998 (S.D. Fla. Apr. 30, 2020), *reconsideration denied*, No. 18-25110-CIV, 2020 WL 2943089 (S.D. Fla. June 3, 2020).

Further, because Davidson-Schmich has continuously been employed by Defendant and continues to be employed today (SOF ¶20), she has no duty to seek another job to mitigate the discriminatorily unequal pay to which Defendant has subjected her. *See Ackerson v. Rector & Visitors of Univ. of Virginia*, No. 3:17-CV-00011, 2018 WL 3209787, at *12 (W.D. Va. June 27, 2018) (in Title VII and Equal Pay Act case, "because Plaintiff remained employed by Defendant […], she had no duty to go elsewhere to mitigate any effect of the allegedly discriminatory wages she received.").

Lastly, even if Davidson-Schmich had a duty to mitigate her damages, there is no evidence to support that she has failed to mitigate since she learned of the actual pay disparity between her and her comparator Koger. Davidson-Schmich learned of the pay disparity in May 2018. SOF ¶¶2-4. Since that date, she has made six applications to other universities in the United States and abroad for Professor of Political Science positions. SOF ¶21. Under these circumstances, summary judgment should be granted as to this defense. *See EEOC v. Eagle Produce, L.L.C.*, No. CV-06-1921-PHX-NVW, 2008 WL 11339627, at *7 (D. Ariz. June 6, 2008) (granting summary judgment to EEOC on mitigation of damages affirmative defense where defendant put forth no evidence suggesting failure to mitigate after plaintiff became aware of pay disparity); *EEOC v. Kanbar Prop. Mgmt., L.L.C.*, No. 12-CV-00422-JED-TLW, 2013 WL 4512671, at *5 (N.D. Okla. Aug. 23, 2013) (granting summary judgment to EEOC on mitigation affirmative defense where defendant "produced no evidence whatever showing that there were suitable positions available which [plaintiff] could have sought and for which she was qualified."); *see also Wilson v. Union Pac. R. Co.,* 56 F.3d 1226, 1232 (10th Cir.1995) ("Mr. Wilson's general failure to seek employment for eighteen months before trial does not alone suffice to justify a mitigation instruction; the defendant must also show that appropriate jobs were available.").

## CONCLUSION

For the foregoing reasons, EEOC respectfully requests that the Court grant summary judgment as to Defendant's Affirmative Defenses Nos. 1, 4, and 8.

## REQUEST FOR HEARING

EEOC respectfully requests a hearing as to its motion on Affirmative Defenses Nos. 1, 4, and 8 to allow EEOC to further explain the factual and legal bases in support of its motion being granted. EEOC estimates that one hour will be required for argument.

Dated: April 19, 2021                          Respectfully submitted,

                                                *s/ Ana Consuelo Martinez*
                                                ANA CONSUELO MARTINEZ
                                                Trial Attorney
                                                Florida Bar No. 110394

                                                U.S. Equal Employment Opportunity Commission
                                                Miami District Office
                                                Miami Tower
                                                100 SE 2nd Street
                                                Miami, Florida 33131
                                                Tel: (786) 648-5791
                                                Fax: (305) 808-1835
                                                ana.martinez@eeoc.gov
                                                *Attorneys for Plaintiff*