United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Equal Employment Opportunity Commission, Plaintiff, <br><br>& <br><br>Louise Davidson-Schmich, Plaintiff Intervenor, <br><br>v. <br><br>University of Miami, Defendant. | Civil Action No. 19-23131-Civ-Scola |

### Order Denying Motion for Leave to File Under Seal

Now before the Court is the Defendant University of Miami's (the "University") motion for leave to file certain exhibits under seal. (ECF No. 84.) For the reasons set forth below, the motion is **denied. (ECF No. 84.)**

**1. Background**

In this employment discrimination case, the Plaintiffs Equal Employment Opportunity Commissions and Louis Davidson-Schmich allege that the University discriminated against Davidson-Schmich, a professor at the University, by paying her less than Dr. John Gregory Koger, another professor at the school. A stipulated confidentiality order was entered stating in relevant part: "only documents containing trade secrets, or other confidential or proprietary research …or business information, information confidential by statute, or personal health or financial information should be designated as confidential." (ECF No. 48. During discovery, the University produced several documents regarding its salary recommendations and justifications for multiple faculty members, and documents regarding decisions to promote Davidson-Schmich and Koger. In support of its motion for summary judgment, the University attached redacted versions of these documents, which it now seeks to file unredacted under seal (although the unredacted documents have not been filed and the Court has not reviewed them). The Plaintiffs oppose the sealing of those documents and argue that the University has not met its burden.

### 2. Legal Standard

Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (alteration added). Public or judicial records are presumptively public, while documents which are not considered public or judicial records, such as discovery documents, are not. *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records.... Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero*, 717 F.3d at 1235.

"Material filed in connection with any substantive pretrial motion ... is subject to the common law right of access." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citation omitted; alteration added). The University's motion for summary judgment is a substantive pretrial motion, therefore it is required to show good cause to overcome the presumption of public access. *See id.* at 1246.

### 3. Analysis

The University moves to seal eleven documents which fall into the following categories: (1) salary analysis conducted by the University and salary information of current former tenure-track faculty members (non-parties), including performance assessments ("salary documents"); and (2) promotion and tenure files for Davidson-Schmich and Koger ("promotion and tenure documents"). With respect to the salary documents, the University argues that "publicly disclosing existing salary information for current faculty, the University could create a "bidding war" for its professors." (ECF No. 84 at 6). Also, that "these documents contain information regarding non-party professors to this case (beyond Dr. Davidson-Schmich and her alleged comparator, Dr. Koger), which should not have to be publicly disclosed simply because one member of the Department brought this lawsuit." (*Id.*) The University also contends that the promotion and tenure documents should be filed under seal to maintain the integrity of the promotion and tenure practice. The University explains that it solicits outside reviewers to opine on the quality of the candidate's research and that those recommendations are made with the expectation that they will remain anonymous. (*Id.*)

As an initial matter, the parties' confidentiality agreement nor the parties' designation of certain documents as confidential does not equate to a finding

that the documents must be filed under seal. *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (recognizing that the parties do not have the right to agree on what records should be sealed). Moreover, "material filed with discovery motions is not subject to the common-law right of access." *Chicago Tribune*, 263 F.3d at 1312. In contrast, "material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Id.* at 1312–13; *see also Romero,* 480 F.3d at 1245 ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."). That right, however, "may be overcome by a showing of good cause." *Romero,* 480 F.3d at 1245. The University has failed to show good cause.

With respect to the salary documents, the University argues that it would be at a competitive business disadvantage if the documents were disclosed as other universities may try to initiate a bidding war for professors. However, the University does not cite any binding authority allowing a trial court to seal salary information in an employment discrimination case due to potential business competition and has not sufficiently described the documents to allow the Court to make a determination of whether they should be sealed. *Sarasota Cty. Pub. Hosp. Dist. v. MultiPlan, Inc.,* No. 8:18-CV-252-T-27AAS, 2019 WL 1244963, at *2 (M.D. Fla. Mar. 18, 2019) (denying motion to seal exhibits to summary judgment because the movant failed to provide legal authority supporting sealing and described the documents at issue in a conclusory fashion) (Whittemore, J.)

Likewise, the University's argument regarding the tenure and promotion documents is also unavailing. The integrity of the University's promotion and tenure process does not outweigh the public's common law right of access to judicial records. Indeed, without the benefit of reviewing the documents or an explanation of the process, the Court fails to see the importance of keeping the reviewer's identity or recommendations confidential. It is unclear whether these reviewers are also faculty members, whether it is an anonymous process, or what their interests in remaining anonymous are. *Travelers Prop. Cas. Co. of Am. v. Barkley*, No. 16-61768-CIV, 2017 WL 4875911, at *1 (S.D. Fla. June 2, 2017) (Altonaga, J.) (denying motion to seal documents in support of motion for summary judgment because the movant failed to explain the contents of the documents at issue and the privacy interests at issue or what injury will result); *see also Regions Bank v. Kaplan,* No. 8:16-cv-2867-T-23AAS, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017) (Sansone, J.) (denying motion to seal exhibits to summary judgment motion because "Defendants' blanket assertion that the subject exhibits contain confidential business or financial information is insufficient to show good cause for sealing the filings.").

### 4. Conclusion

For these reasons, the University's motion is **denied**. **(ECF No. 84.)** By May 10, 2021, the University must file an amended statement of facts, amending **only** the redacted exhibits by filing the unredacted versions. Because the Plaintiffs have reviewed the documents at issue already, their response remains due on May 13, 2021.

**Done and ordered** at Miami, Florida, on May 7, 2021.

Robert N. Scola, Jr.
United States District Judge