**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:19-CV-23131-SCOLA/LOUIS**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

      Plaintiff,

**and**

**LOUISE DAVIDSON-SCHMICH,**

      Intervenor-Plaintiff,

**v.**

**UNIVERSITY OF MIAMI,**

      Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION FOR PARTIAL RECONSIDERATION OF COURT'S ORDER TO ALLOW CERTAIN INFORMATION TO BE FILED IN REDACTED FORM FOR PURPOSES OF SUMMARY JUDGMENT**

Defendant, University of Miami (the "University"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 54(b) and the Court's inherent authority, respectfully requests partial reconsideration of the Court's Order Denying Motion for Leave to File Under Seal (the "Order") (D.E. 101).[1] In its Order, the Court denied the University's Motion for Leave to File Certain Summary Judgment Evidence Under Seal (D.E. 84), by which the University sought leave

---

[1] It is well-established that a "district court may review and amend its own interlocutory orders." *Valente v. J.C. Penney Corp., Inc.*, 437 Fed. Appx. 858, 861 (11th Cir. 2011) (citing *Harper v. Lawrence Cty.*, Ala., 592 F.3d 1227, 1231 (11th Cir. 2010)). Further, the "decision to grant a motion for reconsideration of an interlocutory order 'is committed to the sound discretion of the district judge.'" *De Mello E Silva v. Citibank, N.A.*, No. 19-23547-CIV, 2020 WL 8115993, at *1 (S.D. Fla. Nov. 6, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

to file eleven documents (which the University submitted in wholesale redacted form in connection with its Motion for Final Summary Judgment) under seal. The Court concluded that the documents the University sought to file under seal - - which the Court categorized as "salary documents" and "promotion and tenure documents" - - were not entitled to be filed under seal and ordered the University to "file an amended statement of facts, amending **only** the redacted exhibits by filing the unredacted versions." (D.E. 101) (emphasis in original).

The University endeavored to comply with the Court's Order and, on May 11, 2011, filed amended summary judgment filings. (D.E. 102; D.E. 103.) Herein, the University seeks partial reconsideration of the Court's Order to permit the University to file unredacted versions of all the documents at issue, except for redacting the names and employers of the third-party reviewers who provided confidential feedback during the promotion and tenure review process.[2] No other information has been redacted and, as explained *infra*, neither party is relying on the identities of the reviewers in connection with their summary-judgment briefing. The University seeks permission for these limited redactions to protect the integrity of the tenure and promotion process.

In its Order, the Court stated that, "without the benefit of reviewing the documents or an explanation of the [tenure/promotion] process, the Court fails to see the importance of keeping the reviewer's identity or recommendations confidential. It is unclear whether these reviewers are also faculty members, whether it is an anonymous process, or what their interests in remaining anonymous are." (D.E. 101 at 2.) The University and its counsel apologize to the Court if their earlier briefing (D.E. 84; D.E. 95) did not provide sufficient information for the Court's consideration of this issue. To address the Court's questions regarding the promotion and tenure

---

[2] To be clear, the University is not seeking to redact anything regarding what the Court termed "salary documents." Further, the amount of information to be redacted is very small.

2

review process, the University has submitted the Sworn Declaration of Guillermo J. Prado (the University's Vice Provost for Faculty Affairs), which is attached hereto as Exhibit A. The key portions of that Sworn Declaration, which highlight the confidential nature of the third-party-review process, are reproduced below:

> When a professor is being considered for tenure and/or promotion, that professor and the Department in which the professor is employed each identify a list of potential reviewers from other academic institutions. These reviewers typically are professors at other universities who specialize in the candidate/professor's field. These reviewers are then contacted by the University and asked to provide a candid assessment of the candidate/professor's research, teaching, and scholarly work (*i.e.*, publications). To ensure the honesty and integrity of the process, the reviewers are advised that their feedback will be maintained as confidential and will be used solely in connection with the tenure/review process. Exemplars of those requests are attached hereto as Composite Exhibit 1. As noted therein, the University advises the reviewers as follows: "University procedures require that confidential evaluations of a candidate's research be obtained from external referees. The report of the referees is confidential in that only those individuals making or reviewing the decision have access to it. I am asking you to assist us in our deliberations by making a candid evaluation of [the candidate's] research." Although these examples relate to Drs. Louise Davidson-Schmich and John Gregory Koger, similar forms are used throughout the University for soliciting feedback.
>
> Receiving honest, candid feedback from outside reviewers is essential to the University's decision-making process regarding whether to award tenure (which, but for very rare exceptions, is a promise of continued employment) and/or promotion, as it is a primary means of assessing a candidate/professor's scholarly work, teaching, and impact in his/her field. Without the guarantee of confidentiality, there is a serious, legitimate risk that reviewers either would not provide candid feedback (out of fear that, one day, their opinions would be publicized) or would simply decline to participate at all. That would be extremely detrimental to the University's tenure and promotion process.
>
> The University's faculty often are called upon to provide similar feedback when professors at other institutions are seeking tenure and/or promotion. Those solicitations similarly promise

>           confidentiality in exchange for candid, honest feedback. This is
>           standard practice across American universities.

(Prado Dec. ¶¶ 4-6.)

As explained in Dr. Prado's Sworn Declaration, the public disclosure of the identities of these reviewers (who provided their opinions with the expectation that their feedback would be maintained as confidential) would be extremely detrimental for the University's tenure and promotion process and create a "chilling effect" with respect to obtaining feedback to assess whether a professor is entitled to tenure and/or promotion. Accordingly, the University respectfully requests reconsideration to allow the University to redact the names and employers of the third-party reviewers.

As noted *supra*, the University already has filed an Amended Notice of Filing and Amended Factual Statement (D.E. 102; D.E. 103)[3], and the only redactions are of names/employers in a single document: D.E. 102-12, Bachas Dec., Exs. 1-4. No substantive information has been redacted. Further, because all pertinent information has been publicly filed (*i.e.*, the reviews themselves and commentary thereto), these redactions will not inhibit the Court's consideration of summary judgment. To that end, in conferring on this motion (as well as exhibits to be filed as part of the EEOC's and Dr. Davidson-Schmich's summary judgment response), the parties agreed that, for purposes of summary judgment, the names/employers of the reviewers could be redacted. In fact, the portion of the EEOC's and Dr. Davidson-Schmich's summary judgment filings today, which relate to the tenure/promotion process, were redacted in accordance

---

[3] The Court's Order was signed and dated on May 7, 2021, and ordered the University to submit its amended filings on or before May 10, 2021. (D.E. 101 at 4.) However, for reasons unknown to the University, the Order was not uploaded to CM/ECF (and the University did not receive a copy of the Order) until May 11, 2021. The University immediately began to work on its amended filings and, after submitting them, conferred with opposing counsel regarding the instant Motion and began drafting same.

with the parties' conferral efforts (*i.e.*, only names and employers were redacted). (*See* D.E. 104-9, 104-13, 104-20, 104-22.)

For all of these reasons, the University respectfully requests reconsideration to allow for these limited redactions.

## CERTIFICATE OF CONFERENCE

Pursuant to S.D. Fla. L. R. 7.1(a)(3), I hereby certify that, on May 11-13, 2021, I conferred via e-mail with counsel for the EEOC and Dr. Davidson-Schmich regarding the matters raised by this Motion (as well as related matters regarding the EEOC's and Dr. Davidson-Schmich's response to the University's summary judgment filings, which include certain information/exhibits related to this Motion). The EEOC and Dr. Davidson-Schmich do not oppose the requested relief herein and stated as follows: "[F]or the purposes of these filings submitted for summary judgment at this time, and for this purpose only, we will agree to redact the names and employers of the reviewers in the documents you identified. Our position on the motion [for reconsideration] is that we will not oppose the redaction of names and employers of the reviewers for the purpose of documents submitted at summary judgment, but for that purpose only. However, this agreement would no longer apply should the identity of the reviewers be used in support of any defense at the summary judgment stage."

By: /s/ Christopher M. Yannuzzi
Christopher M. Yannuzzi

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Christopher M. Yannuzzi
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Christopher M. Yannuzzi
    Florida Bar No. 92166
    Yannuzzi@irlaw.com

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF this 13th day of May, 2021, upon the following:

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission, Miami District Office<br>Beatriz B. Andre<br>Ana C. Martinez<br>Miami Tower<br>100 SE 2nd Street, Suite 1500<br>Miami, Florida 33131<br>Tel. (305) 808-1753<br>Fax: (305) 808-1835<br>E-mail: beatriz.andre@eeoc.gov<br>E-mail: ana.martinez@eeoc.gov<br><br>*Counsel for Plaintiff, Equal Employment Opportunity Commission* | Amlong & Amlong, P.A.<br>Karen C. Amlong<br>Patricia L. Willis<br>500 Northeast Fourth Street<br>Fort Lauderdale, Florida 33138<br>Tel.: (954) 462-1983<br>Fax: (954) 523-3192<br>E-mail: KAmlong@TheAmlongFirm.com<br>E-mail: PWillis@TheAmlongFirm.com<br><br>*Counsel for Intervenor-Plaintiff, Louise Davidson-Schmich* |

By: /s/ Christopher M. Yannuzzi
    Christopher M. Yannuzzi