United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, Plaintiff, | ) ) ) | |
| & | ) ) | |
| Louise Davidson-Schmich, Intervenor-Plaintiff, | ) ) ) | Civil Action No. 19-23131-Civ-Scola |
| v. | ) ) ) | |
| University of Miami, Defendant. | ) | |

### Order Denying the Plaintiff's Motion For Leave to File Sur-Reply

This cause is before the Plaintiff Louis Davidson-Schmich's motion for leave to file sur-reply to the Defendant the University of Miami's motion for summary judgment. (ECF No. 119.) The University opposes the motion or alternatively, seeks leave to respond the sur-reply. (ECF No. 120.) The Court has carefully reviewed the parties' summary judgment briefing, the subject motion and response, and the relevant case law. For the reasons discussed below, the motion for leave to file sur-reply is **denied**. **(ECF No. 119.)**

The Plaintiff claims that the University of Miami violated the Equal Pay Act and Title VII of the Civil Rights Act by paying the Plaintiff less than a male professor because she is a woman. (ECF No. 1).) The University has moved for summary judgment on two grounds: the Plaintiff has failed to show that she and the male counterpart perform the same job or have the same qualifications and the University has established legitimate justification for paying the male professor more. (ECF No. 82.) In her response in opposition, the Plaintiff argues that the professors perform substantially the same job and challenges the University's evidence of legitimate justifications for the pay difference. In support of her arguments, the Plaintiff relies on her own declaration and the declaration of Dr. Merike Blofield. (ECF No. 105.) In reply, the University argues that the Plaintiff failed to rebut certain facts in its statement of facts and attempts to challenge the admissibility of both declarations, on the basis that Plaintiff's declaration is self-serving and contains inadmissible hearsay statements and Dr. Blofield's declaration is likewise based on second-hand information. (ECF No. 117.)

The Plaintiff now seeks leave to file a sur-reply to respond to the

University's improper new arguments attacking the Plaintiff's evidence and claiming that the Plaintiff conceded several key facts, as well as misstatements of the law.

     A district court's decision to allow the filing of a sur-reply is purely discretionary and should generally only be allowed when "a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (quoting *Fedrick v. Mercedes–Benz USA, LLC,* 366 F.Supp.2d 1190, 1197 (N.D.Ga.2005)). To that end, Local Rule 7.1(c) provides that a reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." S.D. Fla. L.R. 7.1(c). "A reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence." *Baltzer v. Midland Credit Mgmt., Inc.*, No.14–20140–CIV, 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) (citing *Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345 (S.D. Fla. 2012); *TCC Air Servs., Inc. v. Schlesinger*, No. 05-80543-CIV, 2009 WL 565516, at *7 (S.D. Fla. Mar. 5, 2009)). However, there is "'[a] significant difference ... between new arguments and evidence, on the one hand, and rebuttal arguments and evidence, on the other' when they are raised in reply briefs." *Id.* (quoting *Giglio Sub S.N.C. v. Carnival Corp.*, No. 12-21680-CIV, 2012 WL 4477504, at *2 (S.D. Fla. Sept. 26, 2012) (citing *Burger King Corp. v. Ashland Equities, Inc.*, 217 F. Supp. 2d 1266, 1280-81 (S.D. Fla. 2001))).

     Although some of the arguments in the University's reply overlap with its motion for summary judgment, the reply is largely limited to addressing the arguments and reliance on evidence in the Plaintiff's response in opposition. *See Giraldo v. Miami-Dade Coll.*, No. 16-21172-CIV, 2017 WL 2856433, at *4 (S.D. Fla. Feb. 28, 2017) (Lenard, J.), *aff'd,* 739 F. App'x 572 (11th Cir. 2018) (denying motion to strike reply or leave for sur reply because the reply raised arguments in rebuttal to the plaintiff's arguments). The Plaintiff argues that the University's challenges to the Plaintiff and Dr. Blofield's declarations are new arguments. The Court disagrees. The reply responds to the arguments and the evidence the Plaintiff relied on in her response in opposition. *Chemence Med. Prod., Inc. v. Medline Indus., Inc.*, 119 F. Supp. 3d 1376, 1383 (N.D. Ga. 2015) (denying leave to file sur-reply because the newly raised arguments simply responded to arguments raised in the response in opposition) (Thrash, J.) Moreover, the Court can consider whether to rely on (and to what extent) on the declarations when ruling on the motion for summary judgment without additional briefing.

The University's argument that the Plaintiff conceded several facts by failing to oppose them in her statement of facts or in her response in opposition does not necessitate the filing of a sur-reply. Whether the Plaintiff disputed those facts or not, whether any concessions have been made and their materiality does not require a sur-reply because these questions can be answered by the parties' respective statement of facts and summary judgment briefing. Lastly, the Plaintiff's argument that a sur-reply is necessary to address unspecified misstatements of law in its reply brief is unavailing because it is vague and the parties have thoroughly briefed the case law for both counts such that the Court can rule on the motion for summary judgment. *Fedrick,* 366 F.Supp.2d at 1197 (denying leave to file sur-reply to correct purported misrepresentations of law as vague and redundant because both parties had already briefed the relevant case law and their respective positions).

**Done and ordered** at Miami, Florida on June 7, 2021.

Robert N. Scola, Jr.
United States District Judge