UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-CV-23131-SCOLA/LOUIS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

LOUISE DAVIDSON-SCHMICH,

    Intervenor-Plaintiff,

v.

UNIVERSITY OF MIAMI,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR ENTRY OF
FINAL JUDGMENT IN ACCORDANCE WITH THE JURY'S VERDICT**

Defendant, University of Miami (the "University"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 49 and 58, respectfully requests that the Court enter Final Judgment in favor of the University in accordance with the jury's verdict. In support hereof, the University states as follows:

1. In their operative pleadings, the Plaintiffs - - Plaintiff, Equal Employment Opportunity Commission ("EEOC"), and Intervenor-Plaintiff, Louise Davidson-Schmich ("Dr. Davidson-Schmich") - - brought claims under the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1) ("EPA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"). (D.E. 1; D.E. 13.)

2. Both claims were tried before a jury on March 7-11, 2022. On March 11, 2022, the jury returned a verdict in favor of the University on both claims. (D.E. 190.) In accordance with the Verdict Form, the jury returned a general verdict with answers to written questions. (*Id.*) The jury's answers were consistent. (*Id.*)

3. Fed. R. Civ. P. 49(b) provides that, "[w]hen the general verdict and the answers are consistent, the court must approve, for entry under Rule 58, an appropriate judgment on the verdict and answers." Fed. R. Civ. P. 58(b)(2) provides, in pertinent part, that the Court "must promptly approve the form of the judgment, which the clerk must promptly enter, when: (A) the jury returns a special verdict or a general verdict with answers to written questions; or (B) the court grants other relief not described in this subdivision (b)." Finally, Fed. R. Civ. P. 58(d) provides that a "party may request that judgment be set out in a separate document as required by Rule 58(a)."

4. In accordance with Fed. R. Civ. P. 49 and 58, the University respectfully requests entry of Final Judgment in its favor in accordance with the jury's verdict. A proposed Final Judgment is attached hereto.

WHEREFORE, the University respectfully requests that the Court (1) enter Final Judgment in favor of the University, in the form attached hereto; (2) reserve jurisdiction to consider motions for attorneys' fees and costs; and (3) grant such further relief as the Court deems just and appropriate under the circumstances.

## CERTIFICATE OF CONFERENCE

Pursuant to S.D. Fla. L. R. 7.1(a)(3), I hereby certify that, from March 15-18, 2022, I conferred via e-mail with Plaintiffs' counsel regarding the matters raised by this Motion. Plaintiffs oppose because the "proposed judgment attached to [the] motion doesn't comply with the federal form and the federal form does not include language on fees." In response, the undersigned advised

that, under S.D. Fla. Local Rule 7.3, issues relating to fees and costs are not determined until after judgment has been entered, and the University's proposed judgment is in accordance with same. Further, pursuant to Fed. R. Civ. P. 54, 28 U.S.C. § 1920 and 42 U.S.C. § 2000e-5(k), the University, as the prevailing party, may seek fees and costs after entry of judgment. Finally, the federal form of judgment contains an "other" section, which would authorize the language proposed by the University relating to fees and costs.

By: /s/ Christopher M. Yannuzzi
Christopher M. Yannuzzi


Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Christopher M. Yannuzzi
Eric D. Isicoff
Florida Bar No. 372201
Isicoff@irlaw.com
Teresa Ragatz
Florida Bar No. 545170
Ragatz@irlaw.com
Christopher M. Yannuzzi
Florida Bar No. 92166
Yannuzzi@irlaw.com

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF this 18th day of March, 2022, upon the following:

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission, Miami District Office<br>Beatriz B. Andre<br>Carmen Manrara Cartaya<br>Ana C. Martinez<br>Miami Tower<br>100 SE 2nd Street, Suite 1500<br>Miami, Florida 33131<br>Tel. (305) 808-1753<br>Fax: (305) 808-1835<br>E-mail: beatriz.andre@eeoc.gov<br>E-mail: ana.martinez@eeoc.gov<br>E-mail: carmen.cartaya@eeoc.gov<br><br>*Counsel for Plaintiff, Equal Employment Opportunity Commission* | Amlong & Amlong, P.A.<br>Karen C. Amlong<br>Patricia L. Willis<br>Jennifer Daley<br>500 Northeast Fourth Street<br>Fort Lauderdale, Florida 33138<br>Tel.: (954) 462-1983<br>Fax: (954) 523-3192<br>E-mail: KAmlong@TheAmlongFirm.com<br>E-mail: PWillis@TheAmlongFirm.com<br>E-mail: JDaley@TheAmlongFirm.com<br><br>*Counsel for Intervenor-Plaintiff, Louise Davidson-Schmich* |

By: /s/ Christopher M. Yannuzzi
      Christopher M. Yannuzzi